## PORTER v. COTNEY AND COTNEY.

1. If a witness believe in the existence of a God, who will punish falsehood, even in this life, he is a competent witness, although he may not believe in a future state of rewards and punishments.

2. Two persons were joined as defendants, who pleaded the *general issue;* and thereupon a verdict was returned as follows: " We, the jury, find the issue in favor of the defendant"—*Held*, that the reasonable intendment is, that *defendant* was unintentionally used for *defendants*, and the verdict is decisive of the case.

THIS was an action of *assumpsit*, brought in the Circuit Court of Tallapoosa, for the recovery of a sum of money, due by promissory note. The cause was tried on the plea of *non-assumpsit*. On the trial, the plaintiff inquired of a witness, introduced by defendant, whether he believed in a future state of rewards and punishments, but the witness objected to answering the question, and his objection was sustained; and thereupon the plaintiff excepted. The jury returned a verdict as follows: " We, the jury, find the issue in favor of the defendant;" on which the Court rendered its judgment, " that the

defendant recover of the plaintiff, the costs in this behalf expended," &c.

To revise the judgement of the Circuit Court, the plaintiff has brought his case here by writ of error.

T. CLAY, for the plaintiff in error.

HEYDENFELDT, for the defendant.

COLLIER, C. J.—In Blocker v. Burruss, 2 Ala. Rep. N. S., it was decided, that it is not essential to the competency of a witness, that he should believe in a future state of rewards and punishments; but it is enough if he believe in the existence of a God, who will punish falsehood, even in this life. This being the law, the question proposed to the witness, was one, however answered , from which no consequences would result to affect the rights of the parties; and the refusal of the Court to compel the witness to answer it, was entirely proper.

We do not understand that the jury intended to find a verdict in favor of one defendant, leaving the case undisposed of as to the other. Had they intended to distinguish between them, and relieve one from liability while they charged the other, their verdict would doubtless have been expressed in other terms. The correct interpretation of the verdict is, that the plaintiff is not entitled to recover: the plea interposed by both defendants being sustained. We must intend, under the circumstances of this case, that the verdict and judgment are unintentionally in the singular number; that "defendant" was used for "defendants." Such, in effect, has heretofore been the decision of this Court.

The judgment of the Circuit Court is affirmed.