[Steed v. Barnhill.]

# Steed *v.* Barnhill.

### *Action on Promissory Note.*

1. *Recovery on joint and several contracts.*—Under the statute (Code of 1876, §§ 2905, 2919), written obligations and promises of any description are several as well as joint; and in a suit against the obligors or promissors a recovery may be had against one or more of them, as the facts in evidence may justify.

2. *Verdict; what sufficient.*—A verdict in favor of the plaintiff against "*the defendant*" in a suit where three persons are joined as defendants, is sufficient and will support a judgment against all the defendants. In such case the reasonable intendment is, that the word *defendant* was used for *defendants,* and it will be treated as a mere clerical misprision.

APPEAL from Clay Circuit Court.

Tried before Hon. LEROY F. Box.

This was a suit brought by J. L. Barnhill against R. F. Steed, W. A. Steed and W. D. Steed, and was founded on a promissory note, executed by the defendants to the plaintiff. The defendants pleaded the general issue, and a failure of consideration. Other special pleas were also filed by the defendant W. D. Steed, which need not be set out in this report. As recited by the bill of exceptions, "the evidence introduced by the defendants tended to show that the note sued on was without any consideration on the part of the defendants R. F. Steed, and W. A. Steed, the former the wife, and the latter the son of the defendant W. D. Steed, and that the said W. A. Steed and R. F. Steed executed said note without any consideration and for the pre-existing debt of W. D. Steed, who signed said note after its execution by the other defendants;" and also "a want of any consideration in said note as against the defendant W. D. Steed." The bill of exceptions further states that the "plaintiff introduced evidence showing that at the time of the execution of the note sued on by R. F. Steed and W. A. Steed the plaintiff delivered to R. F. Steed an old note held by plaintiff on the defendant W. D. Steed, the balance due on said old note having been included in the note sued on, and that some time after this plaintiff procured the signature of the defendant W. D. Steed. This was all the evidence tending to show any consideration in the note sued on against defendants R. F. Steed and W. A. Steed. The above is a recital of all the evidence necessary for a correct understanding of the questions of law reserved." The court refused to charge the jury, at the written request of the defendants, that "the plaintiff must recover against all the defendants or he can recover against none of them," and charged the jury that "the note sued on was the joint and sev-

[Steed v. Barnhill.]

eral obligation of the defendants, and that the plaintiff might recover against all of them, or against any one of them." To the charge given and to the refusal of the court to charge as requested the defendants separately excepted. The jury returned a verdict against "*the defendant;*" and thereupon the defendants moved to arrest the judgment of the court on the ground that "the verdict of the jury finds the issue against a single defendant, and does not show which defendant the issue is found against." The court overruled the motion in arrest of judgment, and the defendants excepted.

The rulings of the Circuit Court above noted are here assigned as error.

SMITH & SMITH, for appellants.—(1) "Where the plaintiff declares on a joint and several promissory note against all the makers jointly, a recovery must be had against all the defendants or none."—1 Chitty on Plead. (16 Am. Ed.), p. 52. (2) The charge given was erroneous because it authorized a recovery againt a married woman. Coverture may be given in evidence under the general issue.—2 Greenl. on Ev. § 135, and authorities cited. (3) The verdict was a finding against a single defendant without showing the particular defendant against whom the issues were found. It was, therefore, too uncertain and indefinite. to support a judgment.

PARSONS & PEARCE, *contra.*—(1) .The court did not err in refusing to give the charge requested by the defendants, or in the charge given.—Code of 1876, §§ 2905, 2919. (2) The motion in arrest of judgment was properly overruled.—*Porter v. Cotney*, 3 Ala. 314; *Meeker v. Childress*, Minor, 109.

SOMERVILLE, J.—The usual rule is, that a judgment rendered against several persons who are *jointly* liable, is an entirety, and·if it is void as to one defendant, it is void as to all. The statute, however, makes all written obligations and promises, of any description, *several* as well as joint, and authorizes a recovery against one or more, as the facts may justify. Code of 1876, §§ 2905, 2919; Freeman on Judgments, § 136.

The rulings of the court so declared the law, and were correct.

The motion in arrest of judgment was properly overruled. The reasonable intendment is that the. word *defendant* in the verdict of the jury was used for *defendants*—a mere clerical misprision, which will not prevent the judgment from being supported by the verdict.—*Porter v. Cotney*, 3 Ala. 314; *Meeker Childress*, Minor, 109.

Affirmed.