# First National Bank *v.* Dawson.

| 78 | 67 |
| 118 | 463 |
| 118 | 466 |

*Action on Promissory Note, by Payee and Indorsee against Indorser.*

1. *Commercial paper; rights of holder as against indorser, under conditional indorsement.*—The holder of commercial paper, acquiring it in the due course of trade, for valuable consideration, without notice of conditions or restrictions imposed by an indorser on the use of his indorsement, may recover against such indorser.

2. *Same; burden of proof as to notice.*—On the question of notice *vel non* by the holder, of such conditions or restrictions imposed by the indorser, the burden of proof is on the defendant; and a charge which instructs the jury, "that where valid defenses are shown to exist against negotiable paper, if the holder would protect himself against them, he is required to show that, in good faith, for a valuable consideration, without notice of its infirmities, he acquired the paper before maturity," misplaces the burden of proof as to notice, and is therefore erroneous.

3. *Conditional or restrictive indorsement; liability of indorsers to holder, and as between themselves.*—When a person indorses a negotiable note for the accommodation of the maker, on the express agreement and condition that it is not to be used until two other solvent persons also sign it as co-sureties with him, a subsequent holder, having notice of this condition and its violation when he acquires the note, can not recover against such indorser; and if the names of the three sureties are written as successive indorsers, with nothing to show a joint and equal liability as among themselves, he buys at his peril; but, if the condition was in fact complied with, the liability of the indorsers being several as well as joint (Code, § 2905), he may recover against the first indorser for the whole amount.

APPEAL from the City Court of Selma.

Tried before the Hon. JONA. HARALSON.

This action was brought by the First National Bank of Montgomery against N. H. R. Dawson, as the indorser of two promissory notes, one of which was given in renewal or extension of the other. Each of the notes was signed by W. C. Fellows as maker, and payable to the order of the plaintiff; the first, which was for $1,600, dated July 17th, 1882, payable on the 1st January, 1883, and indorsed by the defendant, J. B. Gaston, and S. B. Marks, Jr., in the order in which their names are mentioned; and the second, or renewed note, for $1680.88, dated January 4th, 1883, payable on the 1st July after date,

and indorsed by said defendant, Marks, and Gaston; and each was duly protested for non-payment. The defendant pleaded the general issue, want of consideration, and three special pleas, in substance as follows:

3. That on the 17th July, 1882, defendant indorsed said promissory note for $1,600, and another similar note for the same amount, made by said Fellows, and payable to plaintiff at said bank; that the name of said Fellows was the only one signed to said notes, or appearing on them, at the time defendant so indorsed them; that he indorsed said notes at the request of said Fellows, and as surety for him, without any consideration whatever, "and upon the express condition that said notes should not be used, and that his said indorsement should not be binding on him, or have any force or effect, unless and until they were previously signed or indorsed by two other solvent persons, who should be jointly and equally bound on said notes as co-sureties with defendant;" that said notes were afterwards indorsed in blank by said Gaston and Marks, by signing their names successively on the back of said notes, thereby, not making them equally liable as co-sureties with him, but rendering him primarily liable for the whole amount, without any recourse on them for contribution; of all which plaintiff had due notice, before it acquired or became entitled to either of said notes." That on the 4th January, 1883, said note not having been paid, Fellows signed the second note, defendant thereupon indorsed it in blank, and Gaston and Marks afterwards indorsed it, by writing their names beneath his, in the same order in which the first was indorsed; and Fellows afterwards delivered it to plaintiff, in renewal of said first note, and plaintiff accepted the same without any consideration. "And defendant says, that before and at the time he so indorsed said second note, he was informed by said Fellows, and fully believed, that the said conditions upon which he had indorsed said original notes had been fully complied with, and that the same had been indorsed by said Gaston and Marks, under the agreement that they would become equally bound as co-sureties with him, notwithstanding the order in which they indorsed said notes; and that confidently relying upon such information, he indorsed said note, at the request, and for the accommodation of said Fellows, and without consideration, and upon the condition that the same should be indorsed by said Gaston and Marks, and that they would become bound for the payment thereof equally and as co sureties with defendant; and that said Gaston and Marks, well knowing the conditions on which defendant indorsed each of said notes, but contriving and intending to deceive and defraud defendant in this behalf, indorsed said notes in the order aforesaid, without any agreement qualifying

the legal effect thereof ; and of all and singular the matters aforesaid the said plaintiff was fully informed, and had due notice, before it acquired any claim or interest in or to said notes, or either of them."

4.   That on the 17th July, 1882, Fellows was indebted to the plaintiff in a large amount, and applied to defendant to become his surety on two notes, payable to the plaintiff at said bank, each for the sum of $1,600 ; that no name was then signed to or on said notes, except that of said Fellows as maker ; that thereupon defendant agreed to become his surety on said notes, " provided, and on condition, that two other solvent persons should become the sureties of said Fellows on said notes, as co-sureties with this defendant ; that defendant thereupon wrote his name on the back of said notes, and handed them to said Fellows, on the express condition that said notes should not be delivered or used unless two other solvent persons should first become co-sureties with defendant on said notes ; of all which plaintiff had due notice, before said notes or either of them were delivered to said plaintiff ; that said two notes were indorsed on said conditions at Selma, where defendant then resided ; that on the next day, July 18th, said notes were presented by Fellows to said Gaston and Marks, at Montgomery, who indorsed their respective names on the same in blank, under the name of this defendant, but did not agree to become co-surety with this defendant for said Fellows on said notes, or either of them ; that said notes thus indorsed, and contrary to the condition on which this defendant signed said notes, were delivered to the plaintiff for the said debt of said Fellows, without any other or different consideration ; that afterwards, on the 4th January, 1883, said note not having been paid, Fellows again applied to defendant to become his surety on said note for $1,680.88, and then and there informed defendant that said Gaston and Marks had become co-sureties with this defendant on said two notes first above described, and would become co-sureties with him on said note for $1,680.88, and that said last named note was to be used to extend the note then due ; that thereupon defendant indorsed his name on the back of said note, as surety for said Fellows, and for his accommodation, and handed the same to said Fellows, on the condition that the same should not be used or delivered unless and until said Gaston and Marks became co-sureties with this defendant for said Fellows on said note ; of all which plaintiff had due notice, before said note was delivered to said plaintiff ; and afterwards, on said 4th January, 1883, said Gaston and Marks each signed his name to said note in blank, under and beneath the name of this defendant, but did not agree or promise to become co-sureties with defendant for said Fellows on said note ; and said

note, thus indorsed, was, on said 4th January, 1883, delivered to plaintiff by said Fellows for said note then due, and without any other or different consideration; and plaintiff avers that there was no other consideration for either of said notes sued on, except as above stated; and without this said notes were not executed or indorsed by him, nor by any one authorized to bind him."

5. In bar of a recovery on the first note, the 5th special plea averred the same facts, as to the indebtedness of Fellows which formed its consideration, the condition on which defendant indorsed it, notice of this condition by the plaintiff, the indorsement by Gaston and Marks without any promise or agreement on their part to become bound equally and jointly with defendant, and the delivery of the note thus indorsed in violation of the condition; but it did not aver that the plaintiff had notice of such violation of the condition.

The court overruled a demurrer to each of these special pleas, and issue was then joined on them, as also on the first and second pleas; and on the evidence adduced, which it is unnecessary to state, the court gave the following charges to the jury: (1.) "If you believe from the evidence that the facts stated in the third and fourth pleas are true, then the plaintiff is not entitled to recover; for, in that case, the defendant would have established his defense to the entire action." (2.) "If you find that the averments of the fifth plea are true, then the plaintiff can not recover on the $1,600 note, and can only recover on the other note described in the complaint." (3.) "But, if the plaintiff knew of these conditions, which had been impressed upon the paper and its circulation by the defendant when he indorsed, and went on and took the paper with these conditions unfulfilled, plaintiff can not recover in this case." The plaintiff excepted to each of these charges, and also to numerous other charges given by the court, some of its own motion, and others on the request of the defendant; and exceptions were also reserved to the refusal of several charges asked by the plaintiff. In consequence of the adverse rulings of the court on the pleadings and evidence, and in the matter of charges given and refused, the plaintiff was compelled to take a nonsuit; and all these rulings are now assigned as error.

GUNTER & BLAKEY, and W. R. NELSON, for appellant.

E. W. PETTUS, and BROOKS & ROY, contra.

STONE, C. J.—Both Dawson and Fellows testified, that Dawson's indorsement was placed on the notes, with the express agreement and limitation that Fellows was not to nego-

[First National Bank v. Dawson.]

tiate or use it, until he procured two other solvent co-sureties, or indorsers, to be jointly bound with him, Dawson, as common sureties for Fellows. It was Fellows' debt, and the other parties were accommodation indorsers. It is not, and can not be controverted, that if the bank acquired this commercial paper in due course of trade, for a valuable consideration, and without notice of the limitation put on Fellows' use of it, this defense would be unavailing.—*Herbert v. Huie,* 1 Ala. 18; *Saltmash v. Tuthill,* 13 Ala. 390; *Allen v. Maury,* 66 Ala. 10; *Capital City Ins. Co. v. Quinn,* 73 Ala. 558; *Butler v. U. S.,* 21 Wall. 272; Danl. Neg. Ins., § 790; *Ib.* §§ 1502-3; Jones R. R. Sec., § 207; *Murray v. Lardner,* 2 Wall. 110.

On the question whether the bank, before it purchased the paper, had notice of the restriction placed on its circulation by Dawson, two witnesses were examined, and their testimony was in direct antagonism. Fellows testified he gave such notice to Dr. Baldwin, president of the bank: Baldwin testified he did not. This presented a palpable issue of fact, on which the jury was required to pronounce. On this issue of notice *vel non,* the burden of proof was on the defendant.—*Carpenter v. Devon,* 6 Ala. 718; *Carroll v. Malone,* 28 Ala. 521; *Walker v. Palmer,* 24 Ala. 358; Danl. Neg. Sec., § 819; *Thompson v. Duncan,* 76 Ala. 334. The fourth charge asked by defendant, and given, is in the following language: "When valid defenses are shown to exist against negotiable paper, if the holder would protect himself against them, he is required to show that in good faith, for a valuable consideration, without notice of its infirmities, he acquired the paper before maturity." This charge improperly places the burden of disproving notice on the shoulders of the plaintiff, and for that reason should not have been given. The City Court erred in this.

We think it clear, that the defense set up in the fourth plea is an answer to the action. If Dawson, when he intrusted his indorsement to Fellows, imposed the restrictions on its use which his testimony tends to prove; and if the bank had notice of such restrictions, before it purchased the note, then the purchase was at its peril; and the three indorsers having placed their names one after another, without anything to denote a joint liability, showed a *prima facie* case of several, consecutive liability, which was notice to the bank that, without more, the condition had not been complied with. Purchasing in such circumstances, good faith required the bank to see to it that defendant's confidence was not abused. On the other hand, if it be shown that Gaston and Marks did indorse with an agreement to be equally bound with Dawson as co-indorsers, then the latter's defense falls to the ground; for all such promises

are several as well as joint (Code, § 2905), and may be sued sev-
erally as well as jointly.—*Steed v. Barnhill*, 71 Ala. 157,

Reversed and remanded.

CLOPTON J., not sitting.