# Tom Simmons *v.* The State

*Assault with Intent to Murder.*

[DECIDED APRIL 18, 1906, 40 So. REP. 660.]

1  *Criminal Law; Evidence; Res Gestate.*—A statement made by the person assaulted, in the presence of defendant and other persons, and during the course of the difficulty, that the defendant had a pistol, is admissible as part of the *res gestate.*

2.  *Witnesses; Examination; Cross Examination.*—If the defendant, on cross examination of a witness, brings out part of a conversation, the state is entitled to bring out all of it.

3.  *Homicide; Assault with Intent to Murder; Evidence; Sufficiency.*—The evidence on this prosecution for assault to murder, examined, and held insufficient to authorize a conviction.

4.  *Criminal Law; Trial; Iinstructions.*—Instructions that are argumentative, misleading or abstract are properly refused.

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

The defendant was indicted and tried for an assault with intent to murder W. J. Reynolds. The evidence

[Tom Simmons v. The State.]

showed that Reynolds was the engineer of a train on the Louisville & Nashville Railroad between Tyson's and McGhee's Switch, in Montgomery county, Ala., and that while the train was running about 30 miles an hour he noticed a man whom he thought was defendant on the cowcatcher of the engine, and that Reynolds went out on the running board of the engine after him; that the defendant pulled a pistol and pointed it at Reynolds, and Reynolds went back to the cab of the engine; that a short while after he had gotten back in the cab he noticed that defendant had gone around to the fireman's side of the engine and was perched up there on the fireman's seat; that Reynolds called to one Haney and told him to go back to the caboose at the rear of the train and get one Gant and come together and put the man off; that when Haney and Gant returned to the engine Reynolds stated to one of them that the defendant had a pistol and asked them to take it away from him; that at this junction defendant got off of the fireman's seat, and put his hand upon his pistol, and said, "You white folks will have to kill me;" that at that time defendant was speaking to and looking at Reynolds, but before defendant pulled the pistol Reynolds grabbed him; that the others coming to his assistance prevented the defendant from getting the pistol out of his pocket until in the course of the struggle, which lasted for several minutes, the pistol dropped on the floor of the engine, and as the train slowed up for McGhee's Switch defendant jumped off. It was further shown that the defendant had no business on the engine, was not employed by the road, and was not a passenger on the train. There were several other witnesses who testified substantially to the same state of facts.

The defendant requested the following charges, which the court refused: " 1) If the jury believe the evidence, they must acquit the defendant of an assault with intent to murder. (2) I charge you, gentlemen of the jury, that Reynolds had no right to attack the defendant and forcibly take a pistol away from him, if you believe from all the evidence that the defendant was not at the time molesting said Reynolds. (3) The said Reynolds did not

[Tom Simmons v. The State.]

have the police authority to arrest the defendant and kick him off of the moving train, moving at the rate of 20 miles per hour. (4) I charge you, gentlemen of the jury, that Mr. Reynolds had no right forcibly to eject the defendant from the railroad train when at a high rate of speed."

The defendant was convicted and sentenced to the penitentiary for 15 years.

L. A. SANDERSON for appellant.—The offense of assault with intent to murder was not made out, hence, charge 1 requested by defendant should have been given.—*Washington's case*, 5 3Ala. 29; *Burns's case*, 8 Ala. 313; *Moore's case*, 18 Ala. 532; *Meredith's case*, 60 Ala. 441; *Crawford's case*, 86 Ala. 16; *William's case*, 77 Ala. 53. For the same reasons, it is respectfully submitted that the court erred in refusing charges 2 and 3 and especially charge 4.

MASSEY WILSON, Attorney-General for State..—The statement of Reynolds to Brockman that the defendant had a pistol was properly admitted for two reasons: 1st, it was in the presence of the defendant. 2nd, it was clearly a part of the res gestae even if not heard by the defendant.—*Plant v. State*, 140 Ala. 52; *Campbell v. State* 133 Ala. 81; *Harris v. State*, 96 Ala. 24; *Martin v. State*, 77 Ala. 1; *Wesley v. State*, 52 Ala. 182.

A part of the conversation between Haynie and Gant having been called for by defendant, the State was entitled to all of it.—*Williams v. State*, 103 Ala. 33; *Drake v. State*, 110 Ala. 9.

Under the uncontroverted evidence, the defendant was guilty, or at least the jury was authorized to find him guilty, of assault with intent to murder in two instances. *White v. State*, 107 Ala. 132; *Christian v. State*, 133 Ala. 109; *Englehardt v. State*, 88 Ala. 100; *Curry v. State*, 120 Ala. 366; *Crawford v. State*, 86 Ala. 16. For these reasons, charge 1 was rightfully refused. The other charges are either arguments or based upon hypotheses not supported by the testimony and hence properly refused.

HARALSON, J.—What the words, "to exclude same from the jury," referred to, whether to all the witness Reynolds had just deposed to, or to only the part, "the defendant had a pistol," is not clear; but whether a part or to all that the witness had stated, there was no error in overruling the motion to exclude, since the statement was a part of the res gestæ of the occurrence. The declaration of Reynolds was made in the presence of defendant and on what ground the motion was predicated is not shown.—*Martin v. State*, 77 Ala. 2; *Campbell v. State*, 133 Ala. 81, 31 South. 802, 91 Am. St. Rep. 17.

Gant, a witness for the State, testified, that on the morning the offense occurred, he was riding on the caboose of the train and that Haney Brockman came back and told him that the defendant was on the engine with a big pistol and the engineer desired him to come and aid in putting him off the engine. The solicitor asked Gant what Haney Brockman told witness at the caboose. The bill of exceptions states, at this point, that the defendant had brought out on the cross-examination a portion of the conversation between Gant and Haney Brockman at the caboose, and the State was then calling for the balance of it. The defendant having called for a part of the conversation, the State was entitled to all of it. *Drake v. State*, 110 Ala. 9, 20 South. 450; *Williams v. State*, 103 Ala. 33, 15 South. 662.

Upon a careful consideration of the undispted evidence, we are unable to find, in the conduct of the defendant, such an attempt to carry out an intention to murder, if such an intention existed, as would justify his conviction of the high grade of felony charged in the indictment. The court erred, therefore, in refusing to give charge No. 1, requested by defendant.

The remaining charges requested by him, numbered 2, 3 and 4, were properly refused as being argumentative, misleading or abstract. Conceding all they postulate, the defendant may have been guilty as charged.

Reversed and remanded.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.