[Avery & Co. v. Turner.]

# Avery & Co. *v.* Turner.

## *Detinue and Conversion.*

(Decided Nov. 30, 1911.   57 South. 255.)

1. *Appeal and Error; Record; Recitals.*—Where the judgment entry shows only that issue was joined on defendant's plea, but does not indicate what disposition was made of other pleadings, and the entire record shows that the issues raised by other pleadings were in fact contested at the trial, the recital of the judgment does not warrant a conclusion that the issues tendered by the other pleadings were abandoned or waived by the parties, especially where it appears that the alleged abandoned pleadings were attacked by demurrers and motion and the rulings thereon alleged as error in the motion for a new trial.

2. *Same ;Harmless Error; Favorable to Complaining party.*—The appellant cannot complain that the trial court instructed the jury on a matter presented by the pleadings of the appellee as to which appellant had made no issue, the court having treated the matter as put in issue.

3. *Charge of Court; Directing Verdict.*—Where there is a conflict in the evidence material to any issue the verdict cannot be directed.

4. *Witness; Examination; Cross.*—Where the defendant without objection, on direct examination, elicited part of the conversation, and upon the cross plaintiff elicited details, the defendant was entitled to bring out the entire conversation on the re-direct.

5. *Evidence; Parol Evidence.*—Where a written order for machinery provided for the delivery of lumber in payment therefor, but did not specify the kind of limber, parol evidence was admissible to show the kind of lumber intended.

6. *Principal and Agent; Scope of Authority; Declaration.*—Where the question of an agent's authority to accept lumber in payment for machinery was in issue, evidence of the agent's declaration as to the willingness of his principal to accept the lumber in payment was admissible.

APPEAL from Cleburne Circuit Court.

Heard before Hon. JOHN PELHAM.

Detinue and conversion by Avery & Co., against W. M. Turner. Judgment for defendant and plaintiff appeals. Affirmed.

BARKER & STEPHENS, and BLACKWELL & AGEE, for appellant. Under the statement of the judgment entry,

the court will hold on error that the pleadings were waived, and that the parties elected to try the cause on the issue joined as shown by the judgment entry.—*Fagin v. Pearson,* 42 Ala. 322; *Deering v. Smith,* 4 Ala. 432. On the question of tender, we call the court's attention to *Drum v. Harrison,* 83 Ala. 388; Sec. 5334, Code 1907. Counsel discuss other assignments of error, but without citation of authority.

W. B. MERRILL, for appellee. Counsel insists that from the entire record the judgment entry must be held to have referred to all the pleadings in the case, and the court will treat it as such.—*Dannelly v. The State,* 130 Ala. 132. Counsel then discusses the assignments of error insisted on but without further citation of authority.

WALKER, P. J.—The personal property mentioned in the two counts of the complaint—one of them being in detinue and the other for a conversion—was sold by the plaintiff (the appellant here) to one Falkner, from whom the defendants (the appellees) acquired it. In reference to the pleadings in the case, the record proper shows the following: On September 9, 1910, the defendants filed two pleas, neither of which was numbered, but the first one set out was a plea of res adjudicata, and the other one was the general issue. The plaintiff demurred to the plea of res adjudicata, referring to it as "defendants' first plea." On September 14th the defendants filed two pleas, numbered 1 and 2, No. 1 being the general issue, and No. 2 being a plea setting up a tender of lumber in payment of the purchase price for the property sued for, under a provision on that subject in the contract of sale. The plaintiff filed demurrers to the plea of tender. The recital in the min-

ute entry as to the sustaining of the demurrer to "plea
No. 1" manifestly refers to the plea first in the order of
filing, and not to the plea of the general issue filed Sep-
tember 14th, which bore that number, as the former of
these two last-mentioned pleas was the only one of them
to which a demurrer was interposed, and, in the circum-
stances stated, might well have been intended by the
designation used in the judgment entry. The minute
entry shows that the demurrer to plea No. 2, the plea of
tender, was overruled. The result of these rulings was
to eliminate the plea of res adjudicata, and to leave the
plea of tender in the case, to be replied to. The plain-
tiff filed replications to that plea, one of the replications
being the general replication, tendering an issue on the
plea, and the others being special replications setting up
in effect that the tender pleaded was not in accordance
with stipulations between the parties on the subject. To
these special replications the defendants filed a rejoin-
der setting up in effect a waiver by the plaintiff of a
tender of lumber by his refusal to accept any lumber un-
der the contract. To this rejoinder the plaintiff filed a
surrejoinder setting up an offer by the plaintiff on a
date named to allow the purchaser of the machinery to
deliver lumber in payment therefor on an order then
given by the plaintiff, "which defendant did not cut or
fill and did not tender to plaintiff." The judgment en-
try, after showing the overruling of demurrers to the
replications, and the overruling of the plaintiff's mo-
tion to strike the rejoinder, recites that "issue being
joined on the defendant's pleas," came a jury, etc. Re-
lying on the recital just quoted, the counsel for the ap-
pellant contends that the records shows that the replica-
tions, the rejoinder and the surrejoinder were aban-
doned or waived by the parties and that the case was
tried only on issue joined on the defendants' pleas.

This contention cannot be reconciled with what the record as a whole shows was done in the course of the trial. The recital in the judgment entry as to "issue being joined on the defendants' pleas" does not negative the joinder of issue on other pleadings which the record proper shows were before the court. When the proceedings in the trial, as disclosed by the entire record, make it manifest that the issues raised by such other pleadings were in fact contested in the trial, a judgment entry which, as to the joinder of issues between the parties, shows no more than that issue was joined on the defendants' pleas, without otherwise indicating the disposition made of other pleadings in the case, may be regarded as omitting to recite all the issues made in the case; and, in this situation, such a recital does not justify the conclusion that issues tendered by other pleadings found in the record proper were abandoned or waived by the parties.—*Dannelley v. State,* 130 Ala. 132, 30 South. 452.

But the judgment entry itself plainly indicates that the pleadings were insisted on which the appellant now claims were abandoned or waived. It shows that demurrers to the replications were submitted to the court and were by the court overruled. It further shows that the court overruled a motion made by the plaintiff to strike the rejoinder. This incident indicates that the plaintiff was trying to get rid of the issue tendered by that pleading, but does not suggest that the defendants waived or abandoned it. Furthermore, it is manifest from some of the evidence introduced on the trial without objection and from charges requested by both the plaintiff and the defendants that both parties acted on the assumption that the trial involved issues raised by the pleadings subsequent to the defendants' pleas. And the plaintiff's motion for a new trial bears on its face

evidence that at the time it was filed he did not enter-
tain the notion that those subsequent pleadings had
ceased to cut a figure in the case, as one of the grounds
of the motion was the action of the court "in overrul-
ing the plaintiff's demurrer to the defendants' rejoinder
to plaintiff's first, third, and fourth replications." It
is not to be supposed that the plaintiff would have
urged the court to grant a new trial because of that rul-
ing if he had then been under the impression that the
replications and the rejoinder had been abandoned or
waived.  It would be a contradiction of the whole tenor
of the trial to affirm that the record as a whole indicates
that the claim of the defendants that the plaintiff had
waived a tender of lumber by refusing to accept lumber
offered in pursuance of the provision of the contract on
the subject (*Root v. Johnson,* 99 Ala. 90, 10 South.
293) was not in fact a matter of contest between the
parties under the pleadings set out in the record and the
evidence introduced.—*McLendon v. Grice,* 119 Ala. 513,
24 South. 846; *Richmond & Danville R. Co. v. Farmer,*
97 Ala. 141, 12 South. 86; *City Loan & Banking Co. v.
Byers,* 1 Ala. App. 583, 55 South. 951.

The purchaser's written order for the machinery pro-
vided for his cutting and delivering lumber in pay-
ment of the deferred installments of the purchase price,
but did not specify the kind of lumber to be shipped.
It was competent for the defendants to show by parol
testimony what was the understanding on this subject
arrived at at the time between the purchaser and the
agent of the seller who had charge of the negotiation.
This was proper for the purpose of identifying the sub-
ject-matter of this feature of the contract.—*Moore v.
Barber Asphalt Paving Co.,* 118 Ala. 563, 23 South. 798;
2 Page on Contracts, § 1217.

The evidence without conflict showed that the plaintiff, when the purchaser first undertook to make a payment in lumber on the purchase price of the machinery, declined to accept such payment, claiming lack of authority in the selling agent to bind the plaintiff by such a stipulation. There was evidence tending to show that subsequently the plaintiff receded from this position, but under the evidence it was a question for the jury whether at any time his consent to accept lumber in payment was or was not accompanied by such conditions or restrictions as he was not entitled to impose under the provisions of the contract on the subject. In this connection it was proper to permit the defendants to prove what the plaintiff's agent said on the subject on the occasion when the latter claimed that he expressed the willingness of the plaintiff to accept lumber in payment.

On the direct examination of the defendants' witness Smith part of conversations between the purchaser of the machinery and the plaintiff's agent in reference to the plaintiff's accepting lumber in payment on the purchase price was brought out without objection. On the cross-examination of this witness the plaintiff elicited other details of these conversations. The plaintiff having elicited part of the conversations, it was not error to permit the defendants, on the redirect examination of the witness, to bring out still other details of one of the conversations connected with the matters in reference to which the witness had been cross-examined.— *Simmons v. State,* 145 Ala. 61, 40 South. 660.

What is said in argument by the counsel for the appellant in reference to the rulings of the court in giving and refusing charges requested is largely colored by the assumption on their part that the principal, if not the only, question arising under the evidence and the plead-

[Avery & Co. v. Turner.]

ings insisted on was whether or not the defendants' plea of tender should be sustained, and that any claim by the defendants, suggested by pleadings filed in their behalf, that conduct of the plaintiff had dispensed with the necessity of making any tender at all, was, by waiver or consent of the parties, eliminated from the case. The court already has expressed its opinion to the effect that the record does not warrant any such assumption. The defendants presented by appropriate pleading the claim that the plaintiff himself waived the making of a tender by refusing to accept lumber under the stipulation on that subject. Plainly there is nothing for the appellant to complain of in the fact, indicated by the record, that the court in its instructions to the jury accorded to the plaintiff the benefit of having put in issue the allegations of the pleading of the defendants which set up that claim, though the only answer to it made by any pleading of the plaintiff found in the record is a statement, not supported by evidence, in reference to an offer by the plaintiff to accept lumber and an order for lumber given by him, "which *the defendant accepted, and did not cut or fill and did not tender to the plaintiff."

In view of the conflict in the evidence already mentioned, it is manifest that the court was not in error in refusing to give the general affirmative charge and charge A requested by the plaintiff.

Each of the other written charges refused to the plaintiff was faulty in ignoring the question of a waiver by the plaintiff of a tender of lumber and the evidence bearing upon that question.

The counsel for the appellant do not point out any fault in either of the written charges given at the instance of the defendants which would make the giving of it a ground of reversal.

What already has been said in reference to the issues and the evidence in the case indicates the ground of the court's conclusion that the appellant is not entitled to a reversal because of the overruling of the motion for a new trial on the ground that the verdict of the jury was contrary to the evidence.

Affirmed.

PELHAM, J., not sitting.