# German-American National Bank v. Lewis.

## *Assumpsit.*

(Decided November 20, 1913. Rehearing denied December 9, 1913. 63 South. 741.)

1. *Bills and Notes; Action; Protection to Bona Fide Purchasers.*— Where the endorsee of a note seeks protection as a bona fide purchaser against secret defenses set up by the maker he is required to plead the bona fides.

2. *Same.*—Where an endorsee of a negotiable instrument seeks protection as a bona fide purchaser against the maker's plea of secret equity, he should set up the fact by special replication which must show the negotiability of the instrument either by setting it out in haec verba or by other proper descriptive averments, unless it appears in the declaration that it is negotiable.

3. *Same; Replication; Effect.*—Where the action is on a negotiable instrument, and the maker pleads secret equities, a general replication filed in accordance with section 5338, Code 1907, casts upon the maker, the burden of establishing his special plea.

4. *Same; Bona Fide Purchaser; What Is.*—It is essential to a bona fide purchaser of a negotiable instrument that the purchase be

[German-American National Bank v. Lewis.]

made on a valuable consideration before maturity, and without notice of any defenses against the note in the hands of a payee.

5. *Same; Holder of Legal Title.*—Under sections 4985-5004, inclusive, Code 1907, one to whom a note, payable to order was delivered without endorsement, does not receive the legal title, and cannot become a bona fide holder, and hence, a complaint which did not aver whether the note was payable to order or bearer, and did not aver written endorsement to plaintiff, was not sufficient to show plaintiff to be a bona fide holder.

6. *Same; Action; Burden of Proof.*—In an action on negotiable notes where the endorsee claimed to be a bona fide purchaser, proof that he purchased the note in the ordinary course of business, and paid value therefor before maturity, is sufficient in the first instance to cast on the maker of the note the burden of establishing that the purchase was made with the knówledge of the defenses relied upon.

7. *Same.*—The Negotiable Instrument Law (sections 4958-5138, Code 1907) does not change the common law rule as to pleading and proving the fact of a bona fide purchaser, but is merely declaratory of the common law on the subject.

8. *Same; Action; Pleading.*—Where the action was on a negotiable note, and the defendant alleged want of consideration, proof of a failure of consideration would not support a judgment for defendant.

9. *Same.*—Where the action was on a note, and the defendant pleaded want of consideration, and plaintiff filed a special replication setting up that he was a bona fide purchaser in due course, but did not put defendant's plea in issue by a general replication as authorized by section 5338, Code 1907, defendant was relieved of the necessity of proving want of consideration, the plaintiff's replication being in the nature of a plea in confession and avoidance.

10. *Same; Bona Fide Purchasers; Discount.*—Where a bank discounts negotiable instruments for its depositor who is not in its debt, and gives him credit upon its books for the proceeds of the paper, it is not a bona fide purchaser for value, unless in addition to crediting the depositor with the proceeds, some other valuable consideration passes, such as the payment of checks drawn upon the deposit, or the application of the deposit to some obligation of the depositor.

11. *Same; Evidence.*—The evidence examined and held insufficient to establish that plaintiff was a bona fide purchaser of the instrument sued on.

12. *Pleading; Construction.*—On demurrers pleadings are construed most strongly against the pleader.

13. *Appeal and Error; Review; Presentation Below.*—Parties are at liberty to try their cases upon immaterial pleas or replications, and the appellate court will adopt the theory of the parties notwithstanding the insufficiency of the pleading to present such theory.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Assumpsit by the German-American National Bank against James A. Lewis. Judgment for defendant and plaintiff appeals. **Affirmed.**

McMILLAN & GRAYSON, for appellant. The court erred in overruling plaintiff's demurrer to defendant's second plea.—Secs. 5012 and 5014, Code 1907. The court erred in rendering judgment for defendant, first, because no sworn plea was filed as required by section 5332, Code 1907.—*Payne v. Broadfoot,* 100 Ala. 610. The only real issue is is plaintiff a holder of said note in due course, as he was a holder for value?—Section 4982, Code 1907; *Head v. Baldwin,* 83 Ala. 132; *Rutledge v. Townsend,* 38 Ala. 706.

HAMILTON & THORNTON, for appellee. The facts in this case bring it directly within the rule announced in *Ala. Groc. Co. v. First Nat. Bank,* 158 Ala. 146, and show conclusively that the bank was not a bona fide purchaser for value.—1 Pac. 580; 18 Hun. 417; 93 Pac. 227; 15 Fed. 683; 23 N. Y. 289. There must be an actual and not a nominal payment.—*Loeb Bros. v. Flash Bros.,* 65 Ala. 542; *First Nat. Bank v. Nelson,* 105 Ala. 180. See also in this connection relative to the plea of want of consideration the cases of *Ross v. Drinkard,* 35 Ala. 434, and *Milligan v. Pollard,* 112 Ala. 146.

THOMAS, J.—It is elementary, of course, that the indorsee of a negotiable promissory note who seeks protection as a bona fide purchaser against secret defenses set up by the maker, in a suit on the note by the former against the latter, is required to plead it. Of course, it is allowable, when not objected to (*Com. Bank v. King,* 107 Ala. 484, 18 South. 243), though certainly it is not proper, and is neither wise nor logical, for the

plaintiff to do this in the declaration or complaint, whose legitimate function is merely to set forth plaintiff's cause of action. To do so is but "crossing a bridge before one gets to it"—anticipating and attempting to forestall a defense that may never arise, by assuming a burden of proof that otherwise might not have been necessary.

Hence the orderly way, and the way which the law recognizes as the proper one, for the plaintiff in such case to claim protection as a bona fide purchaser, is to allege the facts which constitute him such, in a special replication to defendant's special pleas, should any be filed. Of course, he may also file a general replication, which would put on defendant the burden of proving his special pleas (Code, § 5338) ; but the special replication mentioned is in confession and avoidance, and the plaintiff succeeds if he proves it, notwithstanding the defendant may have also proved his special pleas upon which issue was joined, unless he also proves that plaintiff had knowledge or notice of such defenses at the time of his purchase or payment. Such a replication, in order to be legally sufficient, must aver that the plaintiff purchased the note in good faith, for value, before maturity, in the ordinary course of trade, and without notice of any defenses existing against it; and it must appear from the allegations of the replication, either by setting out the note in hæc verba or by proper descriptive averments, unless it has already so appeared in the declaration, that the note is a negotiable note— that is, one governed by the commercial law—and that the plaintiff is the indorsee of the note, if it be one payable to order, and that he is the bearer or holder, if it be one payable to bearer.—14 Ency. Pl. & Pr. 518, 525.

The rule as to the order and burden of proof with respect to the bona fide purchaser is that, after

the defendant proves or offers proof tending to establish his special pleas, the plaintiff must then prove that he purchased the note in the ordinary course of trade, and paid value therefor, before its maturity. This done, he need go no further, and need not prove, though he was required to allege, the negative, that he made such purchase and payment without notice. The burden here shifts, and, if it be desired to avoid the effect of such purchase and payment, the defendant must prove that before the payment the plaintiff had knowledge of the defenses existing against the note, or notice of such facts or circumstances as were sufficient to put him on inquiry that, if followed up, would have discovered the existence of such defenses.—*Slaughter v. First Nat. Bank,* 109 Ala. 162, 19 South. 430; *Alabama Nat. Bank v. Halsey,* 109 Ala. 208, 19 South. 522; *First Nat. Bank of Gadsden v. Sproull,* 105 Ala. 280, 16 South. 879; *First Nat. Bank v. Dawson,* 78 Ala. 67; *Johnson v. Hanover Nat. Bank,* 88 Ala. 271, 6 South. 909.

These rules as to pleading and as to the order and burden of proof, established by the authorities cited, are as applicable now as before the enactment of the uniform negotiable instrument law as found in sections 4958 to 5138, inclusive, of the Code. Section 5014 of that statute, contrary to plaintiff's insistence, is in entire harmony with these decisions as to the burden of proof of a bona fide purchaser, and is merely declaratory, in that particular, of the law existing on the subject, not only in this state at the time of the passage of the act, but obtaining generally throughout the states as a rule of commercial law. The section mentioned (5014) provides: "Every holder is deemed prima facie to be a holder in due course, but, when it is shown that the title of any person who has negotiated the instrument is defective, the burden is on the holder to

prove that he or some person under whom he claims acquired the title as a holder in due course," etc. The American & English Encyclopedia of Law (volume 4, pp. 318-320), where the authorities are collated, thus states the same rule and its application, which latter is in complete accord with the decisions of this state cited, to wit: "Possession of a negotiable bill or note payable to bearer, or indorsed in blank or to the holder specially [if payable to order], is prima facie evidence of title; and the holder of such instrument is presumed to have taken it in good faith, for value, before maturity, in the usual course of business, and without notice. * * * This presumption in favor of the holder's title to negotiable paper throws the burden of proving it defective upon the party who attacks the title; and therefore, if the defense be fraud, illegality, or duress in the inception or transfer of the instrument, or that it has been stolen from or lost by the true owner, or that it was given without consideration, or for a consideration that has failed, the onus is upon the person making such defense. When, however, either of these defenses has been shown, the presumption in favor of the holder's title are overcome, and it devolves upon him then to show that he is a bona fide holder for value; that is, he must show that he or some prior holder took the paper in good faith for value, before maturity, in the usual course of trade," etc.—Am. & Eng. Ency. Law, supra, and cases cited in notes; *Ross v. Drinkard,* 35 Ala. 434.

In the present case, which was a suit on such a note by the indorsee of the payee against the maker, the complaint, being brief, we set it out here, as follows: "Plaintiff claims of the defendant $100 due by promissory note made by him on, to wit, January 28, 1911, and payable 90 days after date to Wayne Oil Tank &

Pump Company, with interest. And plaintiff avers that the note herein sued on was, before maturity and for a valuable consideration, transferred to and is now the property of plaintiff." To this complaint the defendant pleaded the general issue and a special plea to the effect that the note was void for want of consideration to support it. The plaintiff demurred to the special plea on the ground that it set forth no defense to the action inasmuch as it appeared (he claims) from the complaint that the note was a commercial paper and that the plaintiff was a bona fide purchaser, or holder in due course, thereof. One of the errors here assigned by the plaintiff is the overruling of this demurrer by the court. Clearly, for the reasons hereinbefore adverted to, the action of the court in this particular was free from error. In the first place, the description of the note as contained in the complaint is probably not sufficient to show that the paper sued on is one governed by the uniform negotiable instrument law (Code, § 5131; *Blackman v. Lehman Durr*, 63 Ala. 547, 35 Am. Rep. 57); since pleadings are construed most strongly against the pleader. However, we refrain from a decision upon this question, as it is not necessary to the disposition of the case. Furthermore, it does not appear whether the note is payable "to order" or "to bearer." If it is payable "to order," then the averment of an indorsement and delivery to plaintiff is necessary as one of the links in the chain essential to constitute plaintiff a bona fide purchaser; since without such an indorsement he does not become the holder of the legal title, a sine qua non to the creation of a holder in due course. —Code, §§ 4985, 5004; *Land Co. v. Dromgoole*, 89 Ala. 505, 7 South. 444; *Jemison v. B. & O. R. R. Co.*, 125 Ala. 383, 384, 28 South. 51; 14 Ency. Pl. & Pr. 519, 525. Furthermore, the complaint is totally lacking in averment

that the plaintiff's purchase for value before maturity was made without notice of any defenses existing against the note while in the hands of the payee. Authorities hereinbefore first cited.

Upon the overruling of his demurrer to defendant's plea of a want of consideration, the plaintiff filed a special replication, attempting again to set up that he was a bona fide purchaser or holder in due course of the note sued on. The replication probably meets the requirements of good pleading in this particular except that it nowhere appears therein that the note sued on was a negotiable instrument, nor did it so appear from the prior pleadings, as before pointed out; and except, further, that it nowhere appears whether the note was payable "to bearer" or "to order," nor how it was "transferred" to plaintiff, whether by indorsement and delivery or by delivery merely. However, the replication was not demurred to, and the case will be passed on as presented; since parties are at liberty to try their cases upon immaterial pleas or replications if they choose.

The court, by consent of parties, tried the case and rendered judgment without the intervention of a jury; and from this judgment, which was in favor of the defendant, the plaintiff appeals and assigns its rendition as error—being the only assignment here, other than the one we have hereinbefore noted and disposed of.

The note, which appears to be a negotiable instrument executed by defendant and payable to the order of Wayne Tank & Pump Company, and bearing their indorsement, was introduced in evidence by the plaintiff, without objection—which met the burden imposed on plaintiff by defendant's plea of the general issue. One of the suggestions of plaintiff's counsel here made, in support of their contention that the court erred in rendering judgment for defendant, is that the evidence of-

fered by defendant in support of his special plea of a "want of consideration" in the note sued on did not show a "want of consideration," but merely a "failure of consideration"—which appears not to have been pleaded. In this contention we are disposed to agree; and, under the rule that probata is as impotent without allegata as allegata without probata, the court would have been put in error for rendering judgment in favor of defendant on this proof, but for the fact that it nowhere appears either that the plaintiff took issue on the defendant's plea of a "want of consideration" (Code, § 5338) by a general replication, or that the trial was had as if there was such issue (*Avery v. Turner,* 3 Ala. App. 627, 57 South. 255); but, on the contrary, it does appear that plaintiff confessed this very plea by his replication, in confession and avoidance, setting up that he was a bona fide purchaser or holder in due course of the note. This relieved the defendant of the necessity of proving his plea of a "want of consideration," and imposed on the plaintiff the burden of showing that he purchased the note for value, before its maturity, in the ordinary course of trade, as he alleged in the said replication. If he failed to do so, the defendant was entitled to judgment.

On the subject of this alleged purchase, all the plaintiff's witnesses testify in substance, without dispute, that the Wayne Oil Tank & Pump Company, the payee of the note sued on, did its banking business with the plaintiff, indorsee bank, and that this particular note was presented by said payee before its maturity and, upon its being indorsed by them, the amount of it, less 25 cents deducted to cover cost of collecting, was passed to their credit on their deposit account at the plaintiff bank. It is well settled that, "where a bank discounts paper for a depositor who is not in its debt, and gives

him credit upon its books for the proceeds of said paper, it is not a bona fide holder for value, so as to be protected against infirmities in the paper, unless, in addition to the mere fact of crediting the depositor with the proceeds of the paper, some other and valuable consideration passes. Such a transaction simply creates the relation of debtor and creditor between the bank and the depositor; and so long as that relation continues, and the deposit is not drawn out, the bank is held subject to the equities of prior parties, even though the paper has been taken before maturity and without notice.—*Alabama Grocery Co. v. First Nat. Bank of Ensley,* 158 Ala. 146, 48 South. 340, 132 Am. St. Rep. 18, and authorities cited.

It is true that the plaintiff's witness Wentz, who was cashier of the plaintiff bank, further testified that, at the time the plaintiff "accepted the transfer and delivery of said note, plaintiff was creditor of the Wayne Oil Tank & Pump Company [the payee of the note] in the sum of $15,000." But it is not shown that the proceeds of the discounted note were accepted in payment or part payment of that debt.—*Mayberry v. Morris,* 62 Ala. 113. That debt, for aught to the contrary appearing in evidence, may have existed in the shape of a note or mortgage, while it appears that the proceeds of the discounted note were credited to the deposit account of the said payee, with a right on its part, presumably (the contrary not appearing), to check it out as it saw fit. So it appears that the plaintiff must fail in meeting the burden imposed on it of showing itself a bona fide purchaser of the note, unless it offers satisfactory proof establishing the fact, if it be a fact, either that the deposit account of the payee was overdrawn at the time of the discount of the note and of the credit given it on its deposit account, so that the discount would operate

as a payment to reduce that indebtedness; or, in the event there was no such indebtedness, that the plaintiff subsequently, before receiving notice of any infirmity in the paper, paid out on the checks of the payee of the note the amount due them on their deposit account, including the discount.—*Fox v. Kansas City Bank,* 30 Kan. 441, 1 Pac. 789; *Drielling v. Battle Creek First Nat. Bank,* 43 Kan. 197, 23 Pac. 94, 19 Am. St. Rep. 126; *Manufacturers' Nat. Bank of Racine v. Newell,* 71 Wis. 309, 37 N. W. 420; Randolph on Com. Paper, § 457 et seq. It is not pretended or contended by plaintiff that there is a single bit of testimony from any of the witnesses tending to establish either of these facts; but we are urged to conclude their existence from a lot of figures found in the transcript, with no further explanation as to their meaning and no further evidence as to their verity than that they were copied from the bank pass-book of the Wayne Oil Tank & Pump Company, the payee of the note, which was attached as an exhibit to his deposition by the plaintiff's witness Diserens, treasurer of the last-named company. There was no testimony that the entries made in this book were correct, or that they showed the correct status of the account of the payee company at the plaintiff bank during the time material here. Besides, we must confess our inability to understand, without some outside explanation, these figures in the way that they are copied into the transcript. Even were we to assume without proof that they showed the correct status of the account between the parties, it would be the wildest guess to conclude from them, as they appear here, either that the account of the payee company was overdrawn at plaintiff bank at the time of the discount of the note, or that said payee subsequently exhausted by checks its credit balance, inclusive of the discounted

note, if there was such a balance at the time of the discount. Aside from the failure on plaintiff's part to offer proof in the essential particulars as thus stated, there are suspicious circumstances in evidence, which need not be discussed, tending to rebut its contention that it was a purchaser of the note and tending to support a conclusion that it accepted it merely for collection.—Am. & Eng. Ency. Law, vol. 3, p. 817; *Eufaula Gro. Co. v. Mo. Nat. Bank,* 118 Ala. 408, 24 South. 389.

The judgment of the lower court, finding for defendant, is affirmed.

Affirmed.