# McDaniel *v.* Sullivan & Bramlett.

## *Detinue.*

### [DECIDED JUNE 30, 1905.]

1. *Detinue Under Mortgage or Conditional Sale; Defenses.*—The provisions of the Code, section 1478, providing that in actions of detinue brought by a mortgagee or by the vendor in a contract of conditional sale, the defendant may plead any matter of defense that he might have pleaded to an action on the debt, applies to all actions of detinue, and the defendant has the right to introduce evidence in reference to the consideration of the debt, in an action of detinue under a mortgage.

2. *Same; Same.*—In an action of detinue under a mortgage given plaintiff for the purchase money of the property described therein, the defendant may, by special plea, set up damages, growing out of a breach of a warranty of the goods sold, in defense of the action, but he cannot recover judgment against the plaintiff for any excess or damages over the debt secured by the mortgage.

3. *Mortgage; Costs of Foreclosure.*—On the foreclosure of a mortgage of personal property, securing in addition to the debt, the "Holding, recovering and selling" the property, as well as for attorney's fees, the mortgagor is entitled only to credit for the net proceeds of the sale after deducting such costs and expenss.

4. *Detinue; Defenses.*—In an action of detinue brought by a mortgagee, the plaintiff is entitled to charge only the debt described in the mortgage, and cannot charge another debt not due, even though a part of the same consideration as the debt secured by the mortgage.

APPEAL from Gadsden City Court.

Heard before the Hon. JOHN H. DISQUE.

This was an action of detinue, brought by the appellees Sullivan & Bramlett, against the appellant, J. A. McDaniel, and sought the recovery of a black mule described in the complaint. The action was based on a mortgage embracing the mule in suit and two others. The defend-

ant filed seven pleas, the two first being the general issue, the third, a denial of title in the plaintiffs, and the fourth, setting up that the suit was based on the mortgage, which was given to secure the purchase money for the two mules other than the one in suit, and that the plaintiff had warranted the two mules, and setting up a breach of the warranty. The fifth plea was to similar effect, setting up misrepresentations of plaintiff made to induce the defendant to purchase said mules. The sixth and seventh pleas followed the fourth and fifth, but asked judgment against the plaintiff for the excess of damages over the debt secured by the mortgage.

Demurrers were sustained to all except the first and second pleas. Upon the trial, the plaintiffs introduced the mortgage, the basis of the suit, executed by the defendant, and covering three mules, one being the mule described in the complaint. They also introduced in evidence the note described in the mortgage, and also another note similar in all respects except that it was payable six, instead of three, months after date. One of the plaintiffs testified as a witness that the consideration of the two notes was the purchase money for the two mules not in the complaint. That the defendant owned the mule sued for, and put him in the mortgage as additional security for the debt. That the plaintiffs had taken psssession of and sold the mules not sued for, and applied the proceeds to the debt, after deducting the costs of keeping them until he found a purchaser, and an attorney's fee for advice in the premises.

The objections taken on the trial will sufficiently appear from the opinion.

DORTCH, MARTIN & ALLEN, for appellant.

CULLI & MARTIN, for appellee.

ANDERSON, J.—Section 1478 of the Code of 1896 is as follows: "The defendant in any action under the provisions of this chapter brought by a mortgagee or by a vendor in a contract of conditional sale, or by their assignee, in addition to any defense appropriate to the action of detinue, may plead any matter of defense that

he might have pleaded if the action had been on 'the debt, except the statute of limitations;" and applies to all actions of detinue.

The instrument introduced was a mortgage and the defendant had the right to introduce evidence in reference to the consideration thereof.

Under section 1478, the defense, as set up by pleas 4, 5, 6 and 7, was available to the defendant, but not under the general issue, and the court below erred in sustaining demurrers to pleas 4 and 5.

The demurrers to pleas 6 and 7 were properly sustained, as they sought a judgment for the excess. While section 1478 permits the matters therein set up to be used to defeat the action, we do not understand it to give the defendant any right to recover a judgment for an excess. Detinue is an action to recover property and the defendant can only show facts that would destroy title and defeat recovery, but cannot recover a judgment against 'the plaintiff.

The instrument provided for "Holding, recovering and selling said property," as well as for attorneys' fees, and the defendant was only entitled to be credited with the net proceeds of the sale under the statutory suggestion, as provided by section 1477 of the Code of 1896.

The court erred in including the second instrument in ascertaining the amount due. It was a separate and distinct instrument, not then *due* and was in no way connected with the suit. The statute clearly contemplates an ascertainment of the amount *due* upon the mortgage or conditional sale upon which the action is based, not a debt, not due, upon a separate and distinct instrument.

The evidence fails to disclose what were the proceeds of the sale of the two horses, but it is evident the trial judge included the amount due upon the second instrument; and judging from the amount found to be due by the defendant as disclosed by the judgment, with the amount so included excluded, the first note was paid, and if such was the case, there should have been a judgment for 'the defendant.

The judgment of the city court is reversed and the cause remanded.

Reversed and remanded.

McClellan, C. J., Tyson and Simpson, JJ., concurring.