[Falkner v. The State.]


# Falkner *v.* The State.

## *Murder.*

(Decided June 13, 1907.   44 South. 409.)

1. *Indictment; Designation of Person Killed.*—An indictment designating the person killed as Asaria Simmons, alias, Dummy, is not subject to demurrer for failing to aver the Christian name of Dummy, or that it was unknown to the grand jury.

2. *Same; Issues; Proof; Variance.*—Where the proof shows that deceased was commonly known and called Dummy, there was no variance between it and an indictment charging the murder of Asaria Simmons, alias Dummy.

3. *Criminal Law; Harmless Error.*—Where the reply was a statement made by accused immediately on the killing, and constituting a part of the res gestae thereof, if it was error to allow the question as to any statement made by accused or a co-defendant the night of the tragedy it was not prejudicial.

4. *Same.*—Where a fact has already been shown without objection, it is not prejudicial error to permit the same fact to be shown over objection.

5. *Witnesses; Impeachment; Corroboration.*—Where it was undertaken to impeach a witness by showing that he had testified on the committment trial at variance with the testimony on this trial, it was permissible to offer the sworn written statement of the witness on the committment trial, limiting its use to a consideration of the controverted point.


APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

Fred Falkner was convicted of murder and he appeals. Affirmed.


HILL, HILL & WHITING, and H. M. BLUE, for appellant.—The court erred in not sustaining the demurrer to the indictment.—*Morningstar v. The State*, 52 Ala. 405; *Page v. The State*, 61 Ala. 18; *Evans v. The State*, 62 Ala. 6; *Carwford v. The State*, 112 Ala. 23. The court erred in not sustaining the objection to the question asked Sallie Williams.—*Thomas v. The State*, 107 Ala.

17. The court should have given charge 4 requested by defendant.—*Bostwick v. The State,* 94 Ala. 45.

ALEXANDER M. GARBER, Attorney General, for the State.—No brief came to the Reporter.

MCCLELLAN, J.—The defendant was indicted for the murder of one "Asaria Simmons, alias Dummy." The point taken by demurrer, that the Christian name of "Dummy" should have been averred, or that it was unknown to the grand jury, cannot be sustained. Of course, one may have a name by which he is known and called, without bearing as well any Christian name. We do not construe this indictment as averring the name of the victim to be "Asaria Dummy," nor that "Dummy" was the given name, with "Simmons" as a surname. In the proof it affirmatively appears that the deceased was "generally known and called by the name of 'Dummy.' " There was no variance in the respect indicated. Proof of the alias met all the requirements.—*Evans' Case,* 62 Ala. 6.

The question, propounded to the witness Williams, with regard to any statement made by the codefendant or defendant the night of the tragedy, elicited testimony clearly within the res gestæ of the event—a statement uttered by this defendant immediately upon the fatal shooting—and hence no prejudicial error was committed.

The defendant seeks to predicate an exception to reversal, upon the allowance by the court of a question to the witness Williams with reference to the habit of deceased in visiting Mary Powell. It appears from the bill that the substance of the testimony sought to be elicited by the question mentioned, as well as the answer thereto, were already, without objection, before the jury, in that this witness testified "that Dummy was often

[Falkner v. The State.]

there at Mary Powell's house, visiting her," and so no injury resulted to the defendant.

The impeachment of the witness Williams was undertaken by defendant by testimony offered tending to show that the witness had testified, in the particular specified, on the committing trial, at variance with her testimony given on the main trial. As tending to refutation of this testimony, looking to impeachment, the state offered the written synopsis, signed and verified by the witness, of her testimony on the preliminary hearing, which was shown to be true and correct. The court permitted its introduction, but limited the jury to the consideration of the written synopsis in the particular that it related to the controverted point. The paper is not ambiguous in any respect, and the part of it pertaining to the matter on which the impeachment was attempted to be rested is plainly separable from the remainder. We must assume that the jury was possessed of the intelligence requisite to the performance of its grave duties. Such being the impelled presumption, we are of the opinion that, under the circumstances in this case shown above, no possible injury to or wrong was committed against the defendant in the admission of the paper under the limitations stated by the court.

The general affirmative charges requested were obviously well refused; and that declaring justifiable, by the law of nature and the law as declared by our statutes, a homicide committed for the prevention of a forcible crime, is so patently bad as to require no discussion.

There being no reversible error, the judgment is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.