[Birmingham Paint & Roofing Co. v. Gillespie.]

# Birmingham Paint & Roofing Co. v. Gillespie.

## Detinue.

(Decided Nov. 18, 1909.   50 South. 1032.)

1. *Mortgages; Action for Possession Under; Defenses.*—Where the action is in detinue under a mortgage, under section 3791, Code 1907, the defendant may plead that the mortgage was given to guarantee the delivery of certain. goods sold, and. that the mortgagee who was plaintiff, countermanded the order and refused to accept delivery before the limit of the guarantee expired; so a defendant may plead facts showing that the mortgage had been rendered nugatory although it was given to secure the performance of a contract by himself and his partner.

2. *Evidence; Conclusion of Witness.*—When the fact is material it is competent to ask a witness whether money was lent or paid by one party to the contract to the other.

3. *Same.*—Where a witness testified that an iron building had been painted several years ago with a certain graphite, and on that stated that it was good, his statement that he knew it was good, was not objectionable as an opinion.

4. *Continuance;. Discretion.*—The granting of a continuance is within the sound discretion of the trial court.

5. *Appeal and. Error; Review; Harmless Error; Evidence.*—Where a witness had already been allowed to testify to the same matter without objection, a subsequent objection to the testimony is not available.

6. *Charge of Court; Misleading Instructions.*—Misleading instructions are properly refused.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by the Birmingham Paint & Roofing Company against J. F. Gillespie. From a judgment for defendant, plaintiff appeals. Affirmed.

The following pleas were filed: (3) "Defendant says that the mortgage on which this suit is brought, referred to in the complaint, was executed to guarantee the delivery of one carload of graphite by George R. Wain-

[Birmingham Paint & Roofing Co. v. Gillespie.]

wright, J. D. Tyson, and defendant to the plaintiff, and after the mortgage was given the plaintiff countermanded the order and refused to accept the graphite before the time limit of said guaranty." (4) "The defendant says there is an entire failure of consideration to the mortgage on which the suit is brought, and which is referred to in said complaint." (6) "That plaintiff bought from the defendant and George R. Wainwright and J. D. Tyson the car load of graphite at and for the sum of $20 per ton, and paid thereon the sum of $150, said graphite to be delivered to plaintiff in 60 days, and that in performance of said contract the defendant, acting in copartnership with said Wainwright and Tyson, undertook to get out said graphite, and did get out a large part thereof, placed machinery in the mines, and expended the said sum of $150 and more in the pursuance of said contract in good faith; but plaintiff, not regarding said contract, countermanded said contract and order, and refused to pay for said graphite before the time for shipping same expired, and notified defendant that he would not take the graphite. And defendant avers that the note given by said Wainwright, Tyson, and defendant for $150, secured by the mortgage sued on in this case, was given and intended to guarantee the prompt delivery of said graphite within the time agreed upon. And defendant avers that by refusing to accept such graphite and by countermanding said order plaintiff waived the conditions of said mortgage and rendered the same nugatory."

BUSH & BUSH, for appellant.—The court should have stricken pleas 3 and 4.—*Meyer v. Bloch*, 35 South. 705; *Powell v. Crawford*, 110 Ala. 294. The court should have sustained demurrers to these pleas.—*Carmelish v. Mims*, 88 Ala. 335; *Kirby v. Phillips*, 83 Ala. 481. The

pleas were further defective upon the authority of.— *Hooper v. Birchfield,* 115 Ala. 226. Counsel discuss the evidence, but without citation of authority. Payment and failure of consideration are the only defenses that can be pleaded to an action for the recovery of property based upon a mortgage.—*Long v. Pioneer Co.,* 106 Ala. 591; *Watson v. Herring,* 115 Ala. 271.

J. F. GILLESPIE, for appellee.—Section 3791, Code 1907, applies to all actions in detinue.—144 Ala. 583; 131 Ala. 545. The defendant could plead any legal defense to show non liability, although he was one of several co-makers.—Section 3794, Code 1907; *Grunewall v. Copeland,* 131 Ala. 345; *Powell v. Crawford,* 110 Ala. 294. The consideration of the mortgage was open to inquiry and parol evidence was admissible to show want or failure of consideration.—*Wilkinson v. Tillman,* 66 Ala. 532; *McDaniel v. Sullivan,* 144 Ala. 583.

SIMPSON, J.—This action of detinue was brought by the appellant against the appellee. The action is based upon a mortgage of personal property. The defense set up by pleas is that the mortgage was given to guarantee the delivery of a car load of graphite which had been sold by the defendant, Wainwright, and Tyson, which they had been and are ready to deliver, but that the plaintiff countermanded the order for the same, and refused to accept the same, before the limit of the guaranty. There was no error in the refusal to strike pleas 3 and 4 of the complaint. Section 3791 of Code of 1907 authorizes any defense which might be made to the debt, if sued on, except the statute of limitation.—*McDaniel v. Sullivan & Bramlett,* 144 Ala. 583, 39 South. 355; *Hooper & Nolen v. Birchfield et al.,* 115 Ala. 227, 22 South. 68.

There was no error in overruling the demurrer to the third and sixth pleas. The mortgage in this case was executed alone by Gillespie, and he alone is sued in this case, and the fact that it was given to secure the performance of a contract by himself and his partners does not change the personal liability of the defendant, nor his right to show any fact tending to prove that the mortgage has been satisfied or rendered nugatory. The case of *Kirby v. Spiller,* 83 Ala. 481, 3 South. 700, has no analogy to this case. That case was one in which several joint makers of a note were sued, and a part of them pleaded set-off and recoupment as to themselves, and not as to the others. These pleas were not subject to the grounds of demurrer assigned.

The pleas sufficiently state the facts relied on. The case of *Hooper & Nolen v. Birchfield,* 115 Ala. 226, 22 South. 68, states only that such facts should be stated in a special plea, which is done in this case, and that if, on the evidence, anything remains due on the mortgage debt, the plaintiff is entitled to recover. It is true that there is no dispute about the fact that Gillespie received the $150, and that it has not been paid back; but the theory and testimony of the defendant is that there was no agreement or intention that the money was ever to be repaid, but that it was paid in part payment for a car load of graphite purchased, and that the mortgage was simply to guarantee the delivery of the same, and, although the defendants have offered and are ready and willing to deliver the same, the plaintiff refuses to receive it.

There was no error in overruling the objection to the question to the witness Tyson: "Did, or not, Mr. Rogers lend Mr. Gillespie the money, or did he pay it on a car load of graphite?" It was a fact, material to the issues involved, as to whether the money was lent, or paid for the graphite, and the witness could properly testify

to it. The same is true with regard to the statement by the witness Gillespie as to what the consideration for the note was.

The matter of continuance of the case was within the sound discretion of the court, and we cannot see that said discretion was abused.

There was no error in overruling the motion to exclude the statements of Gillespie, as a witness, as to what was done subsequent to the execution of the mortgage. The facts related were material to the point as to compliance by the defendant with the terms of his guarantee.

From what has been said, assignments of error numbered from 10 to 21, inclusive, are without merit.

Referring specially to the twentieth assignment, the statement by the witness Wainwright that "he knew it was good" was not given as that of an expert, but was merely the conclusion of his sentence that the corrugated iron house had been painted with it four or five years ago, and on that he stated it was good. Besides, said witness had already been allowed to state, without objection, that it was "good high-grade graphite, good for the making of paints," etc.

The charges requested by the plaintiff, if not bad for other reasons, were misleading, and were properly refused.

There was no error in the refusal to grant a new trial. The case was tried by both parties on the theory that the question of fact is, What was the real consideration of the mortgage? and we have treated the points raised in argument.

The judgment of the court is affirmed.

Affirmed.

Dowdell, C. J., and McClellan and Mayfield, JJ., concur.