# Merchants National Bank v. Norris, et al.

## Assumpsit.

(Decided Nov. 25, 1909.   51 South. 15.)

1. *Bills and Notes; Commercial Paper; Bona Fide Purchaser.*— Commercial paper in the hands of a bona fide purchaser for value before maturity is not subject to the defenses which would be available against the original payee unless it be shown that the purchaser had notice of such defense.

2. *Same.*—Where the action is on notes which are commercial paper replications averring that the notes were commercial paper and were purchased by plaintiff in the regular course of business for value and without notice, are complete answers to the special pleas, setting up fraud in securing the signature, suretyship, failure of consideration, and breach of warranty.

3. *Same; Pleading; Replication.*—Where the complaint avers that the notes sued on were negotiable, replications to pleas, in so far as they answer said pleas, need not aver that the notes were negotiable or commercial paper.

APPEAL from Walker Circuit Court.

Heard before Hon. JAMES J. RAY.

Action by the Merchants' National Bank of La Fayette, Ind., against J. A. Norris and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Counts 2 and 3 describe the notes as payable to the order of J Couch & Sons, at the Jasper Trust Company's Bank, Jasper, Ala., and allege that they have been duly transferred to the plaintiff, and are the property of the plaintiff. Count 1 describes the notes as payable to the order of J Couch & Sons, but contains no allegations as to where payable. Pleas 2 and 3 allege fraud in procuring the signature. Plea 6 alleges a breach of warranty; 8, also breach of warranty. Replications 1 and 2 allege that the notes were purchased

in good faith, in the regular course of business, for value, and before maturity thereof, and without notice of the frauds, misrepresentations, or warranty set up, but do not show that the notes were commercial paper. Replication 3 sets up the same matters, and alleges that the notes were commercial paper.

J. B. POWELL, E. C. JANNEY, and A. F. FITE, for appellant. Commercial paper in the hands of a bona fide purchaser for value before maturity are not subject to defenses which would be available against the original payee unless it be shown that such purchaser had actual notice of such defenses at the time he purchased.—*Blacknton v. Lehman,* 63 Ala. 550; *Capital C. I. Co. v. Flynn,* 73 Ala. 558; *1st. Nat. Bank v. Dawson,* 78 Ala. 67; *Marks v. 1st Nat.,* 79 Ala. 550; 80 Ala. 261; 88 Ala. 271; 96 Ala. 193; 103 Ala. 126; 109 Ala. 196; 127 Ala. 266; 45 South. 197. It follows that the court erred in its rulings on the pleadings.—*Ross v. Drinkhard,* 35 Ala. 434, and authorities supra. It also follows that the court erred in the admission of evidence, as to the failure of consideration, breaches of warranty and fraud in the procurement of the signature. The court erred in admitting the letter from *Couch & Sons,* to *Kilgore Bros.,—O'Connor M. & M. Co. v. Dickinson,* 112 Ala. 304; *Owensboro W. Co. v. Hall,* 43 South. 71. The burden was on the appellee to show that appellant had notice.—*1st Nat. Bank v. Dawson, supra.*

BANKHEAD & BANKHEAD, and LEITH & GUNN, for appellee. No brief came to the Reporter.

ANDERSON, J.—It is an elementary principle of law that commercial paper in the hands of a bona fide purchaser for value before maturity is not subject to

defenses which would be available against the original payee, unless it is shown that such purchaser had notice of such defenses. The special pleas of the defendants, as amended, setting up fraud in securing the signature, suretyship, failure of consideration, and breach of warranty, etc., may have set up a prima facie defense to the notes, so as to put the plaintiff to a replication, setting out that they were commercial paper and purchased by the plaintiff in the regular course of business, for value, and without notice, and which was done in the replications, and which were complete answers to the pleas.—*Ala. National Bank v. Halsey,* 109 Ala. 196, 19 South. 522; *Johnson v. Hanover Bank,* 88 Ala. 274, 6 South. 909; *Marks v. First National Bank,* 79 Ala. 559, 58 Am. Rep. 620. The cases of *Guild v. Thomas,* 54 Ala. 414, 25 Am. Rep. 703, and *White Sewing Machine Co. v. Saxon,* 121 Ala. 403, 25 South. 784, deal with sureties or guarantors on noncommercial instruments, and have no bearing upon the question at issue, as was pointed out by this court in the *Marks Case, supra,* in discussing the case of *Guild v. Thomas, supra.* Nor does the case of *Gulf Co. v. Ala. Coal Co.,* 145 Ala. 228, 40 South. 397, have the slightest bearing upon the question at issue.

The trial court erred in sustaining demurrers to plaintiff replications 2 and 3, in so far as they answered the special amended pleas setting up fraud, breach of warranty, failure of consideration, etc. Replication 3 sets up that the notes were commercial or negotiable, and was a good answer to said pleas as to all counts of the complaint. The second replication does not aver that the notes were negotiable or commercial, but which was not necessary, in so far as the pleas answer counts 2 and 3 of the complaint, as they each aver negotiable notes. The first count, however, does not

[Irvin v. Strother.]

describe the notes as being negotiable, and the second replication was not good to the amended pleas, in so far as they answered the first count of the complaint.

While there are many assignments of error, there is no need to discuss them, as the trial court should give the plaintiff the benefit of the replications upon the next trial, and unless there is a material change in the evidence the plaintiff will be entitled to the general charge. The replications were proved beyond dispute, notwithstanding it was incumbent upon the defendant to prove notice after plaintiff proved the other aver-ments of the replications.—*Ala. National Bank v. Halsey, supra.* The letter introduced from Couch & Son to Kilgore Bros., whether properly admitted or not, did not tend to contradict the replications.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.