# Oneonta Trust & Banking Co. *v.* Box.

### Assumpsit.

(Decided December 19, 1916.   73 South. 759.)

1. Bills and Notes; Negotiable Instrument.—Where the complaint alleged ownership of the note but not that the notes were negotiable as defined by § 5131, Code 1907, a replication to a plea of payment alleging that plaintiff is a holder in due course, but not alleging negotiability, was subject to demurrer, but not subject to a motion to strike.

[Oneonta Trust & Banking Co. v. Box.]

**2. Appeal and Error; Harmless Error; Pleading.**—Where the effect of striking plaintiff's replication from the files left the mere issue of payment for the jury, and not whether payment was made to the holder of the note, and prevented plaintiff from showing that he was a holder in due course, the striking of the replication from the file could not be held harmless error.

**3. Bills and Notes; Payment; Payee Instead of Holder.**—Evidence of payment by defendant to the payee of negotiable notes is not admissible in an action by the holder of said notes in due course; the holder in due course being the only person with whom the maker could settle unless the payee and intervening holders had accounted for such payment to the final holder.

APPEAL from Blount Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Assumpsit by the Oneonta Trust & Banking Company against L. Q. Box. Judgment for defendant and plaintiff appeals. Reversed and remanded.

RUSEELL & JOHNSON, for appellant. O. A. STEELE, and J. A. EMBRY, for appellee.

PELHAM, P. J.—The complaint counts on nine promissory notes, amounting to $2,500, dated the 22d day of January, 1909, and payable on the 1st day of each November thereafter until November, 1917, to D. R. Blackwood Mercantile Company. It is averred in the complaint that in and by a mortgage executed contemporaneously with the notes and as a part of the same transaction it was provided that, if the defendant failed at the maturity of the notes to pay any of the same in whole or in part, all of them should become due and payable. It is further averred that the notes are past due, that they are the property of the plaintiff, and that defendant is entitled to a credit of $1,650 on January 11, 1915.

Plea 1 was the general issue; plea 2, payment; plea 3, that the defendant had paid all the notes up to and including the note due November 1, 1914, and at the time the suit was brought there was nothing due on the series of notes. The fourth plea denies that any of the notes had passed maturity without being paid, and avers that the defendant had more than paid all the notes due up to that time. The fifth plea is one of set-off.

(1). The plaintiff replied to pleas 1, 2, 3, and 4, stating, in substance, that the plaintiff was a holder of the notes in due course. This replication was stricken on motion of the defendant, and this ruling of the court is assigned as error.

[Oneonta Trust & Banking Co. v. Box.]

The complaint does not show that said notes were negotiable, in that it is not averred that they were payable to order or bearer.—Code 1907, § 4598, subd. 4, § 5131. Nor does the replication aver that they were payable to the D. R. Blackwood Mercantile Company or order. Therefore the replication was demurrable for that reason; but it should not have been stricken from the file.—*Stone v. Goldberg & Lewis,* 6 Ala. App. 249, 60 South. 744; *Slaughter v. First National Bank of Montgomery,* 109 Ala. 157, 19 South. 430; 5 Mayfield's Dig. 762, subd. 33; *Merchants' National Bank v. Norris,* 163 Ala. 481, 51 South. 15; *Troy Fertilizer Co. v. State,* 134 Ala. 333, 32 South. 618.

The appellee contends that the striking of the replication, if error, was without injury, for that, as he contends, the record shows that the question submitted to the jury, and upon which the cause was tried, was whether or not the plaintiff was a holder of the notes in due course.

(2) We are of the opinion that the striking of the replication was injurious error; for, under the issues presented by the pleadings with the replication stricken out, the question was whether or not the notes had been paid, not whether they had been paid to the holder. There was nothing in the pleadings left under which the plaintiff was authorized to show that it was a holder in due course, and, as a matter of fact, the court admitted, against the objection of the plaintiff, evidence which tended to show that the defendant had paid the payee before the maturity of the notes, and before their transfer to the First National Bank of Birmingham, the transferor of plaintiff. The admision of this evidence was highly prejudicial to the cause of the plaintiff, as the jury evidently considered this testimony in making their verdict, as they were authorized to do under the court's holding that it was material. Furthermore, the court declined to give the affirmative charge for the plaintiff, which it would have been entitled to for a substantial sum if this evidence of payments before transfer had been excluded.

Under the authorities above cited, it was clearly reversible error for the court to strike the special replication, and for this reason the judgment must be reversed.

(3) There are numerous other assignments of error; but from our point of view it is not essential that these assignments be specifically passed upon. For the guidance of the court on another trial, however, it is proper to point out that evidence

of payments made to the payee on these notes or any one of them introduced in evidence, and of which the plaintiff or its trans- feror was a holder in due course, is not material, and should not be admitted.—*Merchants' National Bank v. Norris, supra; Prim & Kimbell v. Hammel,* 134 Ala. 652, 32 South. 1006, 92 Am. St. Rep. 52. As stated in the opinion in this case: "Having made the note negotiable and put it in circulation, the holder became the only payee with whom the maker could settle, and it is no defense to the suit to show that the maker paid the original payee."

Should the evidence develop on the next trial, however, that the defendant made payments to the original payee after the notes had been transferred to the First National Bank of Bir- mingham, or that the original payee allowed credits to the maker, and upon a settlement with the First National Bank, the then holder, the Blackwood Mercantile Company accounted to said bank for such payments or credits allowed by Blackwood to the defendant, and said bank ratified the same, then the defendant would be entitled to such credits on his notes.

For the error pointed out, the judgment will be reversed, and the cause remanded.

Reversed and remanded.