(84 South, 565)

METROPOLITAN DISCOUNT CO. v. STEWART. (8 Div. 652.)

(Court of Appeals of Alabama. Nov. 11, 1919.)

1. BILLS AND NOTES ☜373—NOT SUBJECT IN HANDS OF INNOCENT PURCHASER TO DEFENSE OF FRAUD OF PAYEE.

Commercial paper in the hands of a bona fide purchaser for value before maturity is not subject to defense of fraud of original payee, unless such purchaser is shown to have had notice of that defense.

2. BILLS AND NOTES ☜497(2)—SHOWING OF PURCHASE IN ORDINARY COURSE OF TRADE FOR VALUE AND BEFORE MATURITY SATISFIES BURDEN OF PROOF.

While plaintiff, in an action on commercial paper by the transferee thereof, on defendant offering proof on his defense of fraud of the payee, must prove purchase in the ordinary course of trade, for value, and before maturity, defendant must then prove plaintiff's knowledge or notice of the defense before payment.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Action by the Metropolitan Discount Company against H. W. Stewart. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Wm. L. Chenault, of Russellville, and Chester Tubb, of Haleyville, for appellant.

The court erred in permitting the defenses urged and in admitting evidence thereof. 9 Ala. App. 356, 63 South. 741; 109 Ala. 162, 19 South. 503; 109 Ala. 208, 19 South. 522; 105 Ala. 280, 16 South. 879; 78 Ala. 67; 88 Ala. 271, 6 South. 909; 127 Ala. 266, 28 South. 658.

Travis Williams, of Russellville, for appellee.

No brief came to the Reporter.

MERRITT, J. This is an action by the appellant against appellee to collect two drafts or bills of exchange executed by the appellee and payable to the National Novelty Import Company, which were, before they were due, sold and transferred to the appellant. These drafts or bills of exchange were dated March 14, 1914, and across the face were acceptances by the appellee. The first of said drafts or bills of exchange was payable five months after its date, and the second seven months after its date. The testimony shows that these acceptances, drafts, or bills of exchange were bought by the appellant from the National Novelty Import Company for the face value, less 10 per cent. discount. The testimony shows, further, that these acceptances were bought by this appellant April 24, 1916, which was some time before they were due. The appellee undertook to defend the suit on the grounds of misrepresentation or fraud on the part of the National Novelty Import Company. There are 22 assignments of error, but we feel that they may be all considered under the one general proposition of the appellee trying to prove matters in defense of the suit, to which he had no right, as the appellant was an innocent purchaser of the acceptances, and this was commercial paper in the hands of a bona fide purchaser for value before maturity, and were not subject to the defenses attempted to be set up.

[1] Commercial paper in the hands of a bona fide purchaser for value before maturity is not subject to defenses which would be available against the original payee, unless it is shown that such purchaser had notice of such defenses. Merchants' National Bank v. Norris et al., 163 Ala. 481, 51 South. 15. The appellant in this case having bought these acceptances, drafts, or bills of exchange, on which this suit is brought, before their maturity, for value, and without notice of any equities or defenses which the appellees had to these papers, this appellant under the law was an innocent purchaser for value, and is protected as such under the law merchant.

[2] The testimony of the plaintiff shows without conflict that these drafts or acceptances were purchased for value, before maturity, without notice of any defense. The rule as to the order and burden of proof with respect to the bona fide purchaser is that the defendant proves or offers proof attempting to establish his special pleas; the plaintiff must then prove that he purchased the note in the ordinary course of trade, and paid value therefor, before its maturity. This done, he need go no further, and needs no proof, though he was required to allege the negative that he made such purchase and payment without notice; the burden here shifts, and if it be desired to avoid the effect of such purchase and payment, defendant must prove that before the payment the plaintiff had knowledge of the defense existing against the note or notes, or of such facts or circumstances as were sufficient to put him on inquiry that, if followed up, would have discovered the existence of such defense. German American National Bank v. Lewis, 9 Ala. App. 352, 63 South. 741; Slaughter v. First Nat. Bank, 109 Ala. 162, 19 South.

430; Alabama National Bank v. Halsey, 109 Ala. 208, 19 South. 522; First National Bank of Gadsden v. Sproull, 105 Ala. 280, 16 South. 879; First National Bank v. Dawson, 78 Ala. 67; Johnson v. Hanover Nat. Bank, 88 Ala. 271, 6 South. 909.

The plaintiff proved the purchase in the ordinary course of trade of the acceptances or bills of exchange for valuable consideration, in due course of business, and the defendant failed to prove any knowledge or notice whatever on the part of the plaintiff of any defense which he had against the National Novelty Import Company. The appellee's testimony may have been good in a suit wherein the National Novelty Import Company was the plaintiff; but it cannot avail him anything in this case, because the acceptances were in the hands of an innocent purchaser without notice. Therefore the defendant did not meet the burden resting upon him in this case. All letters and correspondence which the trial court allowed the defendant to introduce in evidence were inadmissible, because this was in the first place the correspondence had with the National Novelty Import Company, and not the plaintiffs, and in the second place the defendant did not prove, and did not undertake to prove, that this appellant read these letters, ever saw them, ever heard of them, or had anything to do with them being sent to him by the National Novelty Import Company. In fact, the defendant did not attempt to prove that he received them through regular course of mail.

The trial court committed error in overruling the appellant's objection to the introducing of all letters offered in evidence, and all questions and matters attempted to be set up as a defense against these acceptances; it being clearly shown, as stated above, that they were in the hands of an innocent purchaser for value, purchased before maturity, and without notice of any defense on the part of the defendant.

Let the case be reversed and remanded.

Reversed and remanded.