(102 So. 792)

## MILLER–BRENT LUMBER CO. v. ROSS. (4 Div. 875.)

(Court of Appeals of Alabama.   Nov. 5, 1924. Rehearing Denied Dec. 16, 1924.)

1. Railroads ⚖➡446(1)—Negligence in killing hogs held for jury.

In action for death of hogs struck by train, in which the evidence as to railroad's negligence was conflicting, a general charge requested by railroad was properly refused.

2. Appeal and error ⚖➡1050(1)—Admission of evidence held harmless, in view of other testimony as to same facts admitted without objection.

Admission of evidence over objection was harmless, where other witness was allowed to testify to same facts without objection.

3. Damages ⚖➡174(2)—Evidence as to value of hogs just before and after they were killed held admissible in action for death.

In action for death of hogs struck by defendant's train, evidence as to value of hogs just before they were killed held admissible.

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Trial ⬤⟹62(2)—Rebuttal testimony as to estimate of damage held proper.**

In action for death of hogs struck by defendant's train, in which defendant's witness had testified that after the accident plaintiff turned in the damage to him at so many pounds for the hogs, and that witness told plaintiff that defendant would pay him at certain rate per pound, rebuttal testimony as to estimate of damage *held* proper.

Appeal from Circuit Court, Covington County; Arthur B. Foster, Judge.

Action by J. A. Ross against the Miller-Brent Lumber Company for damages for the killing of hogs by a railroad train. Judgment for plaintiff, and defendant appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Miller-Brent Lbr. Co., 212 Ala. 415, 102 So. 793.

Defendant's witness Dannelly testified that after the accident the plaintiff turned in the damage to him at so many pounds for the hogs, and that witness told plaintiff the defendant would pay him at the rate of 5 cents per pound.

A. E. Ross, recalled by plaintiff on rebuttal, testified that Dannelly had estimated the damage to the stock hog at $6; that Dannelly said he would give it in for that amount.

The oral charge of the court is in part as follows:

"Now, with respect to the measure of damages in a case of this kind: If you find for the plaintiff, the measure of damages, as to these hogs which were killed, would be the difference between the value of the hog before it was killed and the value of its carcass after it was killed, if it was worth anything at all. If it was not worth anything after it was struck by the train and killed—if it was not worth anything for meat—then it would be the market value of the hog before it was killed at that time and place. And if, instead of being killed, the hog was injured and subsequently recovered, at least to a certain extent, then the question would be the amount of depreciation in value to that hog by reason of the injury caused by the defendant railroad company, and that would be the measure of damages to the plaintiff with respect to the hog that was injured and was not killed, if there is a liability with respect to that hog."

E. O. Baldwin, of Andalusia, for appellant.

As to the measure of damage to the injured hog, see So. Ry. Co. v. Gilmer, 143 Ala. 490, 39 So. 265, 5 Ann. Cas. 414; Nor. Ala. Ry. Co. v. Hawkins, 202 Ala. 632, 81 So. 574. As to the measure of damages for the hogs killed, see So. Ry. Co. v. Gilmer, supra; Carrollton S. L. Ry. v. Lipsey, 150 Ala. 570, 43 So. 836; Sou. H. & S. Co. v. Standard Equip. Co., 158 Ala. 596, 48 So. 357.

Powell & Reid, of Andalusia, for appellee.

Where evidence is permitted to go in without objection, it is no error to subsequently allow other evidence to the same effect, even though subject to seasonable objection made. Falkner v. State, 151 Ala. 77, 44 So. 409; McNeil v. Munson, 8 Ala. App. 610, 62 So. 459; Birmingham v. Gillespie, 163 Ala. 408, 50 So. 1032; Napier v. Elliot, 162 Ala. 129, 50 So. 148. It was competent to show the value of the injured property after injury. 17 C. J. 1038; Harris' Case, 17 Ala. App. 659, 88 So. 55; Krebs v. Brown, 108 Ala. 508, 18 So. 659, 54 Am. St. Rep. 188; Ballanger v. Shumate, 10 Ala. App. 329, 65 So. 416.

BRICKEN, P. J. Appellee brought suit against appellant to recover damages for five hogs that were killed and one hog that was injured by one of appellant's log trains operated on a railroad in Covington county.

[1] The evidence was in conflict as to the question vel non of appellant's negligence in the operation of its train, and the general charge requested by appellant was properly refused.

The hogs that were killed are designated as "meat hogs," and the injured hog is referred to as an "O. I. C." hog, or "a stock hog in smooth condition." The injury sustained necessitated the performance of an operation that left the stock hog wholly unserviceable for breeding purposes. Some of the witnesses say, "He was worth nothing at all."

The following questions were propounded to a witness: "Now, those two meat hogs, what was their reasonable value on their feet there at that time?" "In your judgment, what would those three hogs have been worth?" "What was he worth afterwards?" referring to the hog that was "broken down in the loins." Objection was made to each of these questions, and a motion made to exclude the answer to some of them. It also appears that, after the stock hog recovered from the impact, and the operation, he was killed for "a fattening hog."

[2] Another witness had been allowed to testify without objection as to the value of the injured hog immediately after the injury, and there was no prejudicial error committed in overruling the objection to the question propounded to the witness Ross, as to "what was he worth afterwards?" Falkner v. State, 151 Ala. 77, 44 So. 409; Birmingham Paint & Roofing Co. v. Gillespie, 163 Ala. 408, 50 So. 1032.

The only claim in the complaint respecting the injured hog is that the hog "was rendered useless as a stock hog." The evidence without dispute shows this allegation is true. There was no restoration of the hog as a stock hog. If he had any value otherwise appellant should have shown it.

[3] Evidence as to the value of the hogs that were killed just prior to the killing was admissible, and no error was committed by the court in overruling the objection to the questions above referred to tending to elicit such information. Montgomery Street Ry. v. Hastings, 138 Ala. 432, 35 So. 412.

[4] The evidence of the witness Ross as to the estimate of the damage to the stock hog was in rebuttal, and contradictory to the statement made by the witness Dannelly, and was properly allowed.

The oral charge of the court correctly stated the measure of damages.

No error appearing, the judgment appealed from is affirmed.

Affirmed.