186 So. 142

### Ex parte McANENY.

### 7 Div. 531.

Supreme Court of Alabama.

Jan. 26, 1939.

Chas. F. Douglass, of Anniston, for petitioner.

Knox, Acker, Sterne & Liles and Fred L. Blackmon, all of Anniston, for respondent.

KNIGHT, Justice.

The proceeding here is upon petition of S. W. McAneny, defendant in a certain cause pending in the Circuit Court of Calhoun County, wherein Morris Plan Bank of Virginia is plaintiff and the said S. W. McAneny is defendant, for mandamus to require the respondent judge to retransfer said cause to the law docket of said court.

It appears that the said Morris Plan Bank of Virginia, a Virginia Corporation, had instituted a suit in detinue against petitioner in the Circuit Court of Calhoun County to recover possession of an automobile, and that the defendant in said action had filed a number of pleas in said cause, and also a suggestion that the suit was based upon a conditional sale contract, wherein the defendant was the purchaser, and defendant had asked that the jury be required to ascertain the balance due upon said contract of sale.

To defendant's pleas, among them pleas of set off and recoupment, plaintiff filed demurrers. The demurrers of plaintiff were sustained to some of the pleas, and overruled as to one or more. To such pleas as the court held to be good, the plaintiff filed a number of replications.

To such of the replications as were held good on demurrer, the defendant filed rejoinders.

It also appears that the plaintiff amended its complaint, and sought a recovery on the note executed by the defendant and also on the contract of sale, setting out its provisions in extenso. Among other provisions, the contract provided that upon default "in any payment when said payment became due that the entire amount owing would be due and payable at the election of the plaintiff, and that plaintiff elected to declare the amount due when defendant defaulted in the payment of monthly installment due August 9th, 1937, and September 9th, 1937, and October 9th, 1937," and it was averred that the plaintiff by the terms of the contract had the right to apply all payments made prior to said default for the rent of said automobile, and that plaintiff had applied all payments made by the defendant as rent for said automobile.

The plaintiff had demanded that the cause be tried by jury.

On June 2nd, 1938, the judge of said court, presiding upon the trial of said cause, ex mero motu made and entered the following order in said cause: "6/2/1938: It appearing to the satisfaction of the court presiding in this cause that this cause presents an equitable question, the decision of which should dispose of the cause, and which cannot be disposed of in the law side of the court, it is therefore ordered that this cause be and the same is hereby transferred to the equity side of the court. —Defendant excepts;"

The respondent judge, in his answer to the petition here filed, undertakes to justify his order transferring the case to the equity docket, by the following statement as to the status of the parties and the proceedings in said cause at the time he made and entered his ex mero motu order:

"1. That plaintiff filed an amended complaint in which it was set out that by the terms of the contract executed by respondent and J. B. Hughes Motor Company, Inc., on the 9th day of November, 1936, and assigned by said Motor Company to complainant, that it was provided that in the event of default in payments that at the election of assignee the plaintiff (assignee) could declare the entire amount due and treat all payments heretofore made as rent for the use of the said motor vehicle, and that plaintiff averred in count five that it had so applied said payments as rent and that plaintiff was claiming the entire indebtedness due by the terms of said contract, and respondent, as shown in Exhibit 14 to his petition for mandamus, filed pleas numbered eleven through twenty, consecutively, in which he seeks to avoid the forfeiture provisions of said contract, and it is the opinion of respondent herein that said count of said complaint and said pleas present an equitable question for the court to determine in said cause, the decision of which should dispose of the case, and which cannot be disposed of in the law side of the court, within the purview of Section 6488 of the Code of Alabama of 1923, wherein it is provided as follows: * * *."

All the facts relating to the status of the case and the proceedings had therein, including pleas, replications, rejoinders and the amendment of the complaint by the addition of counts 2, 3, 4 and 5, are matters of record, and we have before us copies of the same. We are, therefore, at no disadvantage in determining for ourselves whether all the issues presented by the pleadings can be properly determined in the law action of detinue, without a resort to a court of equity.

The defendant by proper and timely suggestion, filed in the cause, invoked the provisions of Section 7400 of the Code, which required the jury to ascertain the unpaid balance of the purchase price of the automobile.

If this section stood alone, we would doubtless hold that the defenses attempted to be set up by the defendant would be unavailing in a court of law. Whitworth v. Thomas, 83 Ala. 308, 3 So. 781, 3 Am. St.Rep. 725; 22 Am. & Eng. Ency. Law, 240.

However, since the announcement of the decision in the Whitworth Case, the defendant, in detinue actions, has been given the right not only to interpose pleas of set off and recoupment but he may plead, "in addition to any defenses appropriate to the action of detinue, * * * *any matter of defense,* including usury, that he might have pleaded if the action had been on the debt, except the statute of limitation." (Italics Supplied). Code, Section 7402.

The effect of Section 7402 of the Code is to authorize a defendant in a detinue action to show any state of facts that will destroy title and defeat recovery. The only exception is that he cannot plead the statute of limitations.

The evident purpose of this statute was to provide a speedy and less burdensome, and less expensive remedy than is offered in a court of equity.

Here the plaintiff, the assignee of the conditional sale contract, had brought its action of detinue for the recovery of the specific chattel, and in doing so brought itself, and its action, wholly within the provisions of the statute relating to such suits. Clearly in taking this course it armed the defendant, purchaser of the chattel, with all the rights and remedies provided in, and secured to such purchaser, by Sections 7400–7402 of the Code.

The jurisdiction of the law court was first invited by the plaintiff, and the jurisdiction of that court was ample to grant full relief, not only to the plaintiff, but to the defendant. And it is everywhere recognized that if two courts have concurrent jurisdiction of a cause of action, the court first acquiring jurisdiction will retain it throughout the proceedings. Ex parte Burch, 236 Ala. 662, 184 So. 694.

Section 7402, properly construed, permits the defendant to show any state of facts that would destroy the title of the plaintiff and defeat recovery, statute of limitations excepted, and this seems to have been the settled construction placed upon the statute. McDaniel v. Sullivan & Bramlett, 144 Ala. 583, 39 So. 355.

In the case of McQuagge Bros. v. Thrower, 214 Ala. 582, 108 So. 450, it was observed by Bouldin, J., in writing for the Court: "Where the purchaser of a chattel pays a large portion of the purchase price, the balance to be paid by installments, secured by a contract retaining title with

138

right to reclaim the property upon default in any installment, and in such event all prior payments to be treated as rents for the use of the property, the transaction is regarded in equity as a mortgage, a form of security for the debt. The vendee, offering to do equity, will be relieved of the condition, regarded in equity as in the nature of a forfeiture, and redemption be allowed. Barton v. W. O. Broyles Stove &. Furniture Co., 212 Ala. 658, 103 So. 854. *We note that sections 7400, 7401, and 7402, Code of 1923, recognize this right at law, at the election of the vendee, when sued in detinue. These statutes are written into such contracts."* [Italics supplied.]

In our case of Barton v. W. O. Broyles Stove & Furniture Co., 212 Ala. 658, 103 So. 854, it is pointed out by the writer of the opinion, the late Justice Sayre, that the purchaser under a conditional sale contract, when sued in detinue for the chattel, may secure substantially the same relief under Sections 7400, 7401 and 7402 as he could under a bill in the equity court.

We are, therefore, at the conclusion that the respondent judge committed error in his ex mero motu order transferring this cause, against the objection and exception of the defendant, to the equity side of the court docket.

The petitioner has made a case entitling him to the writ of mandamus against the respondent judge, requiring him to revoke his order transferring said cause to the equity docket, and to have said judge to reinstate said cause upon the law docket, there to be proceeded in accordance to the law, in such cases made and provided.

Nothing in this opinion must be understood as holding that the pleas, replications or rejoinders were good or bad. We are not now concerned with such questions. The trial court must pass upon the sufficiency of all such pleadings. All we hold is, that the case is one properly to be dealt with in the law court which has jurisdiction of the parties, and of the subject-matter.

Mandamus awarded.

GARDNER, THOMAS, and BROWN, JJ., concur.