8 So.2d 199

**COMMERCIAL CREDIT CO., Inc., v.
SEALE et al.**

2 Div. 694.

Court of Appeals of Alabama.
March 17, 1942.

Rehearing Denied April 7, 1942.

Ira D. Pruitt, of Livingston, for appellant.

Thos. F. Seale, Jr., of Livingston, for appellees.

SIMPSON, Judge.

The suit is in detinue, by appellant (plaintiff) against appellees (defendants) for a Dodge automobile. From an adverse judgment, the plaintiff appeals.

Plaintiff rests its right of recovery upon a conditional sale contract and negotiable promissory note executed contemporaneously and delivered by defendants to Austin Motor Company for the balance due of the purchase price of the automobile. These instruments were duly transferred and assigned for value, before maturity, to the plaintiff in this action.

The defendants pleaded breach of (oral) warranty, the gravamen of their special plea being that Austin Motor Company had orally warranted the automobile to be sound, etc., whereas, after a certain time, it began to use an excessive amount of oil. Hence their defense to the action and excuse for ceasing further payments of the monthly installments due by the note and conditional sale contract, above.

The plaintiff sought to answer this defense of breach of warranty by replications, that it had purchased and acquired said instruments in due course, without notice of the oral warranty or claim aforesaid. The effect of such replications was that the instruments were commercial paper and not subject to the defense interposed when in the hands of an innocent purchaser for value before maturity.

The trial court sustained demurrers of defendants to these replications, the effect of the holding being that in the present action such defenses were available against an innocent holder in due course the same as if such had been brought by the original holder of the instruments.

Thus the primary question for our decision.

The three requirements for negotiability, relevant to the present discussion, are that the instrument must be for a definite sum of money, the promise to pay must be unconditional and the time of payment must be stated at a fixed or determinable future date. Jones, Chattel Mortgages and Conditional Sales, 6th Ed., Vol. 3, § 1248; Alabama Code 1940, Title 39, § 8. And negotiability of the instrument is not affected by a provision that title is retained to property sold and described therein as security for its payment. 10 C.J.S., Bills and Notes, p. 540, § 92; Jones, supra; Citizens' Nat. Bank v. Buckheit, 14 Ala.App. 511, 71 So. 82; Bledsoe v. City Nat. Bank, 7 Ala.App. 195, 60 So. 942, certiorari denied Ex parte Bledsoe, 180 Ala. 586, 61 So. 813; Commercial Credit Co. v. Parks, 215 Ala. 648, 112 So. 237, 238.

The instrument in suit (the conditional sale contract) appears to have all the lineaments and characteristics of a negotiable instrument when tested by the foregoing rules of law. In fact, the question posed for our decision seems to have been conclusively settled by the holding in the Parks case, supra, where it was observed: "The fact that a negotiable paper retains title to property therein described as security for the debt does not destroy its negotiability. * * * Such retention of title gives a better security for the note, partakes of the nature, and is entitled to the same protection as the secured debt. * * * Plaintiff therefore is in as favorable a position as if the suit were upon the note."

The conditional sale contract, therefore, partaking of the same nature and entitled to the same protection as the negotiable note, was not subject to the defense interposed in a suit by an innocent holder thereof in due course. It is axiomatic, of course, that such paper in the hands of a bona fide purchaser for value, before maturity, is immune from the defenses which might be available

442

against it when suit is by the original holder, unless it be shown that such purchaser had notice of such defenses. German-American Nat. Bank v. Lewis, 9 Ala. App. 352, 63 So. 741; Metropolitan Discount Co. v. Stewart, 17 Ala.App. 223, 84 So. 565; Merchants' Nat. Bank v. Norris, 163 Ala. 481, 51 So. 15; Jones v. Bell, 201 Ala. 336, 77 So. 998.

The action of the trial court in sustaining demurrers to the replications of the plaintiff was in contrariety with these principles of law and necessitates a reversal of the judgment.

It is vigorously urged by learned counsel for defendants that the law of the cases cited hereinabove has no application to the present action because of the provisions of the Code 1940, Title 7, § 931. We think this position, however, is untenable.

 The obvious purpose of this section of the statute was to afford the defendant certain equitable defenses in a civil action of detinue not theretofore available. Ex parte McAneny, 237 Ala. 135, 186 So. 142.

■ The pertinent provisions of the statute merely afford the defendants, here, the opportunity of offering, in addition to the defenses appropriate to the action of detinue, any other matter of defense that might have been pleaded if suit had been on the note itself (except the statute of limitations). There is no justification for the conclusion that the law controlling commercial paper was in any sense abrogated or qualified by this section of the statute.

Another error which militates against affirmance is the ruling of the trial court as regards the admissibility of testimony of the oral warranty claimed by the defendants.

The contract for the purchase of the automobile (in the form of a "purchase order") was in writing, duly signed by both parties and purports to express the entire agreement. This stipulation appears therein:

"I have read the conditions and warranty printed on the reverse side of hereof and agree to and accept them as part of this order the same as if they were printed on this side of this order and above my signature.

"This order contains the entire agreement affecting this purchase, and no other agreement, understanding, representation or warranty of any nature concerning same

has been made or entered into or is a part of this transaction."

■ There was no claim or proof of fraud, deceit or misrepresentation. The rule is that the terms of a written contract purporting to express the entire agreement of the parties cannot, in the absence of fraud or misrepresentation, be varied by parol. Bozeman v. J. B. Calt Co., 19 Ala.App. 126, 95 So. 588; Griffin v. Tatum Chevrolet Co., 231 Ala. 534, 166 So. 49.

■ The warranty, breach of which defendants relied upon to defeat the action, was not contained in the written contract of purchase, and to allow parol proof thereof—no showing being made of fraud or misrepresentation—was invasive of this rule.

For the errors noted, the judgment is reversed and the cause remanded.

Reversed and remanded.