TYSON, Judge.
Appellant was indicted and convicted for the murder of James Richard Fielden, Jr. by shooting him with a pistol in violation of Ala.Code § 13A-6-2 (Supp.1977). The trial court fixed his punishment at twenty-five years’ imprisonment in the state penitentiary-
The sufficiency of the state’s evidence is not questioned. Briefly stated, appellant shot the deceased in the back of the head around 3:00 a. m. on October 8, 1980 at the state fairgrounds in Birmingham. The deceased had been arguing with his girlfriend, Carrie Hancock, and had slapped her causing her to scream. Appellant and two other men heard the scream and ran to where the deceased and Miss Hancock were. After ascertaining that Miss Hancock was “all right,” appellant became incensed. Miss Hancock ran to Michael Curry’s trailer. Mr. Curry, the employer of both the deceased and Miss Hancock, testified that he heard and saw “some scuffling going on at the back of my trailer.” (R. 80). The deceased managed to break away from the scuffling momentarily and was almost inside Curry’s trailer to safety when appellant’s two cohorts “grabbed the back of his jacket and pulled him away.” (R. 81) Curry tried to explain to the deceased’s assailants that he would handle the situation, but received the following rebuke from appellant: “I don’t give a damn who he works for; he is not going to do what he did to her and get away with it.” (R. 81) Curry then witnessed appellant place his pistol against the back of the deceased’s head and fire.
I
As stated previously, Michael Curry on direct-examination testified that he saw ap *1189 pellant place a pistol against the back of the deceased’s head and fire the weapon. Curry stated that he was two or three feet away from the defendant and deceased and was standing on a step approximately three feet above them when he witnessed the shooting. From Curry’s vantage point appellant was standing behind the deceased “when he pulled the trigger.” (R. 88) Curry testified that as he was looking down he saw appellant hold the gun for two or three seconds before he fired. Curry described the small caliber weapon in detail.
Appellant’s sole defense was that the shooting had been accidental. In an attempt to discredit Curry’s observation of the shooting on cross-examination, it was shown that Curry did not see appellant’s “finger pull the trigger,” that from Curry’s angle he had seen appellant’s “hand go up, and the gun fired.” (R. 106) Later on recross-examination, appellant attempted to impeach Curry’s testimony by having him read the words, “The gun went off,” from page seven of Curry’s grand jury testimony regarding the shooting. Curry admitted that he had probably used those words, but did not recall his former testimony verbatim.
The following then occurred on redirect-examination by the state:
“Q What was the sentence just preceding that sentence, ‘The gun went off.’
“MR. WAITES: Well, Judge, if he doesn’t recall I object to his reading from the grand jury testimony, unless he introduces the whole thing.
“THE COURT: Overrule. Go ahead.
“A You want me to read out loud?
“Q Yes, sir.
“A ‘He placed the gun on the back of his head, pulled the trigger, which shot the bullet, which killed Richard.’
“Q Then the sentence says: ‘The gun went off.’ And the next sentence?
“A I pulled the door to.
“MR. GOMANY: That’s all.
“MR. WAITES: That’s all.
“THE COURT: Come down, please, sir.
“Witness excused.”
(R. 118)
Appellant contends that Curry’s redirect-examination violated the principle that proof of statements, verbal or written, made by a witness out of court are, as a general rule, inadmissible to corroborate his testimony at trial. This rule has been variously expressed and applied. See Long v. Whitt, 197 Ala. 271, 72 So. 529 (1916); McKelton v. State, 86 Ala. 594, 6 So. 301 (1889); Nichols v. Stewart, 20 Ala. 358 (1852). We disagree, however, that this rule has application in the instant case.
Initially, it must be noted that appellant’s objection at trial was not specific as to this issue. Appellant’s objection to Curry’s reading from the grand jury testimony was that the “whole thing” was not introduced. As this court stated in Bland v. State, 395 So.2d 164, 168 (Ala.Cr.App.1981):
“Only those grounds of objection presented to the trial court can serve as a basis for reversal of its action. Harris v. State, 57 Ala.App. 558, 329 So.2d 618 (1976). The trial judge will not be placed in error on grounds not assigned in the objection. Cook v. State, 384 So.2d 1158 (Ala.Cr.App.), cert. denied, Ex parte Cook, 384 So.2d 1161 (Ala.1980); Knight v. State, 381 So.2d 680 (Ala.Cr.App.1980); Cooper v. State, 380 So.2d 1003 (Ala.Cr.App.1980). Even though evidence may have been inadmissible on different grounds, the defendant is bound by the specified grounds of objection. Turley v. State, 356 So.2d 1238 (Ala.Cr.App.1978). The trial court must be apprised of the basis for the objection with sufficient particularity to allow an informed decision to be made on the particular legal issue involved. Ward v. State, 376 So.2d 1112 (Ala.Cr.App.), cert. denied, 376 So.2d 1117 (Ala.1979).”
Moreover, even if appellant’s objection below had been specific to the issue he attempts now to raise, we cannot agree with his contention under the present facts. A similar situation occurred in Falkner v. State, 151 Ala. 77, 44 So. 409 (1907). In Falkner, supra the defendant undertook on cross-examination to impeach the testimony *1190 of state witness Williams by offering evidence tending to show that Williams had testified at the preliminary hearing, in the particular specified, at variance with her testimony given at trial. In order to refute any such impeachment, the state offered the written synopsis, signed and verified by Williams, of her testimony at the preliminary hearing which was shown to be true and correct. The trial court permitted its introduction, but limited the jury to the consideration of the written synopsis in the particular as it related to the controverted point. This was held not to be error. In addressing this issue the Supreme Court in Falkner, supra wrote the following:
“[W]e are of the opinion that, under the circumstances in this case shown above, no possible injury to or wrong was committed against the defendant in the admission of the paper under the limitations stated by the court.” (Emphasis added) 44 So., at 410.
And in Lester v. Jacobs, 212 Ala. 614, 103 So. 682 (1925), where the defendant, on cross-examination of the plaintiff’s witness, introduced part of the former testimony of such witness without limitation and without declaring its purpose, but apparently for the purpose of impeachment, it was held that the plaintiff was properly permitted to introduce the whole of such testimony on rebuttal. The Supreme Court in Lester, supra, stated that it was proper to allow the witness to be subjected to such re-examination:
“to give her an opportunity to explain what she did say and acquaint the jury of the nature and extent of her former examination. The plaintiff had this right and was in justice to be accorded the witness as to any apparent or inferential conflict in her two statements of fact under oath of the same subject-matter in the same suit.” (Emphasis added). 103 So., at 687
II
Appellant argues that the trial court committed reversible error in allowing the introduction of state’s exhibit 5, a photograph of the deceased taken at the scene. Appellant alleges that the state did not lay the proper predicate in establishing that the scene had not been altered from the time the shooting occurred until the photograph was made. We disagree with appellant’s arguments. The photograph was introduced during the testimony of Deputy Coroner Joe Canoy of the medical examiner’s office. Mr. Canoy took the photograph when he arrived on the scene. He referred to the photograph in describing the wound he observed on the deceased’s body. The trial court made it clear at the time the photograph was admitted into evidence that it was being received for the purpose of showing the wound as described by the coroner, not for the purpose of showing the scene. The question appellant raises was thoroughly treated in McKee v. State, 253 Ala. 235, 44 So.2d 781 (1949). We see no need to here recite those principles of law.
We have carefully examined each issue raised by appellant and have found no error prejudicial to his substantial rights. The circuit court’s judgment of conviction is, therefore, due to be affirmed.
AFFIRMED.
All the Judges concur.